■ STUART D. NAISMITH et al., Respondents, v HELENE E. SCOVILLE et al., Appellants, et al., Defendants.—Casey, J. P. Appeal from a judgment of the Supreme Court (Coutant, J.), entered January 16, 1990 in Broome County, which, inter alia, ordered the foreclosure and sale of certain real property mortgaged to plaintiffs.

On this appeal, defendant Helene E. Scoville (hereinafter defendant) claims that Supreme Court erred in summarily granting plaintiff's motion for accelerated judgment of foreclo-

sure and in striking defendant's affirmative defense of unconscionable conduct. We disagree and find no reason to disturb the determination of Supreme Court. Defendant was the sole mortgagor on the mortgage that covered the subject property, which defendants Jack H. Ryder and Cheryl Ryder purchased from defendant under an installment payment contract. This contract required defendant to deed the property to the Ryders when the purchase price of $83,500 was paid in full. Paragraph 5 of this contract allowed defendant to increase the mortgage indebtedness above the amount owed to Binghamton Savings Bank (which had been paid down to $47,459.19), but the increased indebtedness, together with the amount owed on the existing mortgage, could not exceed the unpaid balance due and owing by the Ryders to defendant.

Acting under this authorization, defendant borrowed an additional amount of $8,800 from Christine Ayers and secured this debt by a second mortgage. This amount has been paid down to $5,461.16, while the Ryders owe $45,134.66 to defendant. Because the total amount of the unpaid mortgage indebtedness was $52,920.35 ($47,459.19 + $5,461.16), that amount exceeded the amount then owed by the Ryders to defendant ($45,134.66) by $7,785.69, in violation of paragraph 5 of the installment contract. Orally and by letter, the Ryders demanded that the indebtedness be brought within the permissible limits of the contract. Defendant failed to do so as of June 1, 1989 and thereafter she ceased making the mortgage payments due and owing. The Ryders also ceased paying defendant on their contract. Plaintiffs, who are the parents of Cheryl Ryder, purchased both mortgages, paying the unpaid balance due on each in full and obtaining an assignment of the mortgages, which plaintiffs sought to foreclose in this action, subject to the rights of the Ryders under their contract.

Supreme Court summarily granted plaintiffs' motion for accelerated judgment of foreclosure and appointed a Referee, who computed the amount due and owing on the mortgages at $55,916.68 on January 10, 1990 plus interest from that date. Supreme Court also struck defendant's affirmative defense of unconscionable conduct on plaintiffs' part in regard to their purchase of the mortgages and their immediate attempt to foreclose the same.

While not disputing the underlying facts and the amount of the indebtedness, defendant contends that her affirmative defense should not have been summarily stricken and plaintiffs' motion to foreclose should not have been granted. We

disagree with this contention. The record clearly establishes that defendant violated the provisions of paragraph 5 of the installment contract that she had with the Ryders and failed to correct her violation upon the Ryders' request. Furthermore, defendant, as the sole mortgagor, was under a duty to make the monthly payments due on both mortgages. We see nothing unconscionable in plaintiffs' acquisition of the mortgages by paying the unpaid balances to the mortgagees. Having obtained assignments of the mortgages and substituted themselves for the former mortgagees, plaintiffs had the right to seek foreclosure when defendant defaulted. Defendant could have protected herself by continuing the mortgage payments and she could have insisted on the Ryders paying her under the installment contract if she corrected the breach of paragraph 5, which she had occasioned. In the circumstances, the determination of Supreme Court was correct and should be affirmed in all respects.

Judgment affirmed, with costs. Casey, J. P., Mikoll, Yesawich, Jr., Levine and Harvey, JJ., concur.