■ BERCY INVESTORS, INC., Respondent, v ALEXANDER S. SUN, Appellant, et al., Defendants. BERCY INVESTORS, INC., Respondent, v ALEXANDER S. SUN, Appellant, et al., Defendants. [657 NYS2d 47] —Orders, Supreme Court New York County (Stephen Crane, J.), entered January 16, 1996 and January 17, 1996, which, in separate mortgage foreclosure actions, *inter alia*, granted plaintiff's motions for summary judgment, unanimously affirmed, with costs.

Plaintiff established a prima facie case in both foreclosure actions by proof of the notes, mortgages, previous assignments and consolidation agreements, and of defendant's default, and thereby required defendant to come forward with evidence showing the existence of a triable issue of fact with respect to any of its affirmative defenses (*see*, *Chemical Bank v Broadway 55-56th St. Assocs.*, 220 AD2d 308; *Naismith v Scoville*, 169 AD2d 898). The motion court correctly determined that defendant failed to do this. Defendant presented no evidence that the assignments to plaintiff were improperly executed, that the mortgages precluded servicing and enforcement of the loans by the mortgagee's agent, or that the assignments were not part of a multi-million dollar corporate restructuring involving hundreds of loans of which defendant's were but two, as represented by plaintiff and credited by the motion court in

rejecting the defense of champerty. Nor is there evidence that the computer-generated billing statements issued the first month after commencement of the action and calling for payment of only that month's installments misled defendant into believing that plaintiff was discontinuing the foreclosure actions and relinquishing its right to accelerate the loans. The parties were engaged in negotiations with respect to the loans both before and after these billing statements, which plaintiff represents were sent by mistake, and, apart from the statements, plaintiff did nothing that might have so misled defendant, who made no payments in response to these statements. Nor could defendant have construed plaintiff's willingness to negotiate as some sort of forbearance where the mortgages specifically provide that any waiver or modification of their terms must be in writing. Concur—Rosenberger, J. P., Ellerin, Rubin, Tom and Andrias, JJ.