■ 2390 CRESTON HOLDINGS LLC et al., Appellants, v OLIVER BIVINS, II, Respondent, et al., Defendants. [51 NYS3d 61]—

Order, Supreme Court, New York County (Kelly O'Neill Levy, J.), entered on or about January 5, 2016, which granted defendant Oliver Bivens, II's motion for summary judgment dismissing the complaint as against him individually and as administrator of the Estate of Lorna M. Bivins, and denied plaintiffs' cross motion for summary judgment, unanimously affirmed, with costs.

Defendant established prima facie that plaintiffs' predecessor in interest, Capital One, N.A., intentionally waived its right to acceleration of the loan with interest at the default rate and reinstated the loan (*see Alsens Am. Portland Cement Works v Degnon Contr. Co.*, 222 NY 34, 37 [1917]). Capital One's October 22, 2102 statement to the decedent borrower's estate, issued after receiving defendant's payment of the amount of the monthly installments outstanding, shows an "[a]djustment" to the estate's account consisting of a credit of the difference between the amount of accrued interest at the default rate and the amount at the note rate, less the principal

payment for October 2012. Capital One subsequently sent the estate 20 consecutive invoices consistent with the original loan terms and inconsistent with a demand for full payment of the principal and interest at the default rate. In opposition, plaintiffs failed to raise an issue of fact as to Capital One's intent in so acting.

Even if the waiver constituted a loan modification, which pursuant to the note and mortgage was required to be "in writing," the motion court correctly found that "Capital One expressly reversed the default interest rate and the default interest charges" (compare e.g. Bercy Invs. v Sun, 239 AD2d 161 [1st Dept 1997] [no evidence of relinquishment of right to accelerate loans]). Concur—Friedman, J.P., Sweeny, Moskowitz, Gische and Kapnick, JJ.