Deutsche Bank Natl. Trust Co. v Weininger (2022 NY Slip Op 04008)

Deutsche Bank Natl. Trust Co. v Weininger

2022 NY Slip Op 04008

Decided on June 22, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 22, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.

2019-11286 
2019-11287
 (Index No. 53805/17)

[*1]Deutsche Bank National Trust Company, etc., respondent, 
v
William Weininger, et al., appellants, et al., defendants.

Abrams Fensterman, LLP, Lake Success, NY (Christopher A. Gorman of counsel), for appellants.
Greenberg Traurig, LLP, New York, NY (Leah N. Jacob and Patrick G. Broderick of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendants William Weininger and Ellen Weininger appeal from two orders of the Supreme Court, Westchester County (William J. Giacomo, J.), both dated August 15, 2019. The first order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants William Weininger and Ellen Weininger, to strike their answer, and for an order of reference, and denied the cross motion of those defendants for summary judgment dismissing the complaint insofar as asserted against them and to cancel the notice of pendency. The second order, insofar as appealed from, granted the same relief to the plaintiff and appointed a referee to compute the amount due to the plaintiff.
ORDERED that the orders are reversed insofar as appealed from, on the law, with one bill of costs, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants William Weininger and Ellen Weininger, to strike their answer, and for an order of reference are denied, and the cross motion of those defendants for summary judgment dismissing the complaint insofar as asserted against them and to cancel the notice of pendency is granted.
In March 2017, the plaintiff commenced this action against William Weininger and Ellen Weininger (hereinafter together the defendants), among others, to foreclose a mortgage on certain residential property in White Plains. As is relevant to this appeal, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants, to strike their answer, and for an order of reference, and the defendants cross-moved for summary judgment dismissing the complaint insofar as asserted against them and to cancel the notice of pendency.
In an order dated August 15, 2019, the Supreme Court, among other things, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants, to strike their answer, and for an order of reference, and denied [*2]the defendants' cross motion. In a second order, also dated August 15, 2019, the court granted the same relief to the plaintiff and appointed a referee to compute the amount due to the plaintiff. The defendants appeal from both orders.
Contrary to the defendants' contention, this action was timely (see Freedom Mtge. Corp. v Engel, 37 NY3d 1, 32). Nonetheless, the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants, to strike their answer, and for an order of reference, and granted the defendants' cross motion because the plaintiff failed to strictly comply with the requirements of RPAPL 1304.
"'[P]roper service of RPAPL 1304 notice on the borrower or borrowers is a condition precedent to the commencement of a residential foreclosure action, and the plaintiff has the burden of establishing satisfaction of this condition'" (U.S. Bank N.A. v Henderson, 163 AD3d 601, 602, quoting Aurora Loan Servs. v Weisblum, 85 AD3d 95, 106). RPAPL 1304(1) provides that "at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower, . . . including mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower." The notice must be sent by registered or certified mail and by first-class mail to the last known address of the borrower and to the premises at issue (see id. § 1304[2]).
Here, it is undisputed that the plaintiff failed to serve Ellen Weininger with timely notice pursuant to RPAPL 1304, and, contrary to the plaintiff's contention, Ellen Weininger was entitled to such notice as a "borrower" within the meaning of that statute. Although Ellen Weininger did not sign the underlying note, both of the defendants executed the mortgage as a "borrower." Where, as here, a homeowner defendant is referred to as a "borrower" in the mortgage instrument and, in that capacity, agrees to pay amounts due under the note, that defendant is a "borrower" for the purposes of RPAPL 1304, notwithstanding the absence of a consolidation, extension, and modification agreement signed by that defendant or any ambiguity created by a provision in the mortgage instrument to the effect that parties who did not sign the underlying note are not personally obligated to pay the sums secured (see Bank of N.Y. Mellon v Forman, 176 AD3d 663, 665-666). Since Ellen Weininger signed the mortgage as a "borrower" and, in that capacity, agreed to pay the amounts due under the note, she was entitled to timely notice pursuant to RPAPL 1304 (see Bank of N.Y. Mellon v Forman, 176 AD3d at 665-666). As the plaintiff conceded that it did not send the requisite notice pursuant to RPAPL 1304 to Ellen Weininger until 17 days before commencement of this action, it failed to meet its prima facie burden of establishing compliance with RPAPL 1304, and those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants, to strike their answer, and for an order of reference should have been denied.
For the same reason, the defendants established their prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against them (see Bank of N.Y. Mellon v Forman, 176 AD3d at 665-666). In opposition, the plaintiff failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324; Bank of N.Y. Mellon v Forman, 176 AD3d at 665-666). Accordingly, the Supreme Court should have granted the defendants' cross motion for summary judgment dismissing the complaint insofar as asserted against them and to cancel the notice of pendency.
The parties' remaining contentions need not be reached in light of our determination.
DILLON, J.P., DUFFY, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court