HSBC Bank USA, N.A. v Kalenborn (2023 NY Slip Op 02109)

HSBC Bank USA, N.A. v Kalenborn

2023 NY Slip Op 02109

Decided on April 26, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 26, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
REINALDO E. RIVERA
WILLIAM G. FORD
JANICE A. TAYLOR, JJ.

2021-06195
 (Index No. 2981/14)

[*1]HSBC Bank USA, National Association, etc., respondent, 
v
Margaret Kalenborn, et al., appellants, et al., defendants.

Charles Wallshein, Melville, NY, for appellants.
Reed Smith LLP, New York, NY (Andrew B. Messite and Michael V. Margarella of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendants Margaret Kalenborn and Douglas Kalenborn appeal from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Suffolk County (Thomas F. Whelan, J.), dated December 21, 2020. The order and judgment of foreclosure and sale, inter alia, granted the plaintiff's motion, among other things, to confirm a referee's report and for a judgment of foreclosure and sale, and directed the sale of the subject property. The appeal from the order and judgment of foreclosure and sale brings up for review an order of the same court dated June 10, 2020, which, among other things, (1) denied that branch of the motion of the defendants Margaret Kalenborn and Douglas Kalenborn which was for a hearing to determine whether sanctions should be imposed upon the plaintiff for failing to negotiate in good faith pursuant to CPLR 3408, and (2) denied that branch of those defendants' cross-motion which was for summary judgment dismissing the complaint insofar as asserted against them based upon the plaintiff's failure to comply with RPAPL 1304.
ORDERED that the order and judgment of foreclosure and sale is reversed, on the law, with costs, that branch of the cross-motion of the defendants Margaret Kalenborn and Douglas Kalenborn which was for summary judgment dismissing the complaint insofar as asserted against them based upon the plaintiff's failure to comply with RPAPL 1304 is granted, the plaintiff's motion, inter alia, to confirm the referee's report and for a judgment of foreclosure and sale is denied, and the order dated June 10, 2020, is modified accordingly.
In February 2014, the plaintiff commenced this action against the defendants Margaret Kalenborn and Douglas Kalenborn (hereinafter together the defendants), among others, to foreclose a mortgage on certain residential property located in Melville. Between August 2014 and January 2015, three mandatory settlement conferences were scheduled before the court. In an order dated April 4, 2016, the Supreme Court granted the plaintiff's unopposed motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendants, to strike their answer, and for an order of reference.
As is relevant to this appeal, between 2014 and 2019, the defendants submitted four loan modification applications to the plaintiff's servicer. While the plaintiff repeatedly approved a short sale of the subject property, it also stated that it had reviewed the subject loan for modification pursuant to several modification programs, but that it determined that the defendants were ineligible for those programs.
The defendants moved for a hearing to determine whether sanctions should be imposed upon the plaintiff pursuant to CPLR 3408, asserting that the plaintiff failed to negotiate in good faith when reviewing and considering the defendants' modification applications. The plaintiff moved, inter alia, to confirm a referee's report and for a judgment of foreclosure and sale. The defendants opposed the plaintiff's motion and cross-moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them based upon the plaintiff's failure to comply with RPAPL 1304.
In an order dated June 10, 2020, the Supreme Court, among other things, adjourned the plaintiff's motion and denied the defendants' motion and cross-motion. In an order and judgment of foreclosure and sale dated December 21, 2020, the court, inter alia, granted the plaintiff's motion and directed the sale of the subject property. The defendants appeal from the order and judgment of foreclosure and sale.
"'[P]roper service of RPAPL 1304 notice on the borrower or borrowers is a condition precedent to the commencement of a [residential] foreclosure action, and the plaintiff has the burden of establishing satisfaction of this condition'" (Deutsche Bank Natl. Trust Co. v Weininger, 206 AD3d 882, 883, quoting U.S. Bank N.A. v Henderson, 163 AD3d 601, 602 [internal quotation marks omitted]). RPAPL 1304(1) provides that "with regard to a home loan, at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower, . . . including mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower." The statute sets forth the requirement for the content of such notice (see id.), and provides that such notice must be sent by registered or certified mail and by first-class mail to the last known address of the borrower and to the premises at issue (see id. § 1304[2]).
Here, the defendants established that the plaintiff failed to serve Douglas Kalenborn with notice pursuant to RPAPL 1304, and, contrary to the plaintiff's contention, Douglas Kalenborn was entitled to such notice as a "borrower" within the meaning of that statute. Although Douglas Kalenborn did not sign the note, the plaintiff conceded that both of the defendants were title owners of the subject property and both executed the mortgage as a "borrower." "Where, as here, a homeowner defendant is referred to as a 'borrower' in the mortgage instrument and, in that capacity, agrees to pay amounts due under the note, that defendant is a 'borrower' for the purposes of RPAPL 1304, notwithstanding . . . any ambiguity created by a provision in the mortgage instrument to the effect that parties who did not sign the underlying note are not personally obligated to pay the sums secured" (Deutsche Bank Natl. Trust Co. v Weininger, 206 AD3d at 883; see Bank of N.Y. Mellon v Forman, 176 AD3d 663, 665-666). Since Douglas Kalenborn "signed the mortgage as a 'borrower' and, in that capacity, agreed to pay the amounts due under the note, [he] was entitled to notice pursuant to RPAPL 1304" (Deutsche Bank Natl. Trust Co. v Weininger, 206 AD3d at 884; see Bank of N.Y. Mellon v Forman, 176 AD3d at 665-666). Here, the defendants established, prima facie, that the plaintiff did not give notice to Douglas Kalenborn as required by RPAPL 1304. In opposition, the plaintiff failed to raise a triable issue of fact, taking the erroneous position that Douglas Kalenborn was not entitled to such notice. Accordingly, the Supreme Court should have granted that branch of the defendants' cross-motion which was for summary judgment dismissing the complaint insofar as asserted against them (see Deutsche Bank Natl. Trust Co. v Weininger, 206 AD3d at 884).
"CPLR 3408 requires the parties in a residential foreclosure action to attend settlement conferences at an early stage of the litigation, at which they must 'negotiate in good faith' to reach a mutually agreeable resolution, including a loan modification, if possible" (Deutsche Bank Natl. Trust Co. v Zagari, 201 AD3d 883, 884, quoting Capital One, N.A. v McComb, 180 AD3d 743, 744; see CPLR 3408[f]). "However, it is obvious that the parties cannot be forced to reach an agreement, CPLR 3408 does not purport to require them to, and the courts may not endeavor to force an agreement upon the parties" (Wells Fargo Bank, N.A. v Meyers, 108 AD3d 9, 20). "[W]hether a party failed to negotiate in 'good faith' within the meaning of CPLR 3408(f) should be determined by considering whether the totality of the circumstances demonstrates that the party's conduct did not constitute a meaningful effort at reaching a resolution" (US Bank N.A. v Sarmiento, 121 AD3d 187, 203). Further, CPLR 3408 provides that either party may move for a hearing to determine whether the parties have negotiated in good faith during settlement conferences (see id. § 3408[i]). Upon a finding of failure to negotiate in good faith, the court may impose sanctions, including an award of attorneys' fees and expenses (see id. § 3408[j][3]).
Here, even assuming, without deciding, that the provisions of CPLR 3408 are applicable after mandatory settlement conferences have concluded, based on the record before this Court, the defendants failed to establish that the plaintiff acted in bad faith by denying their loan modification applications (see U.S. Bank N.A. v Ramirez, 212 AD3d 749; CIT Bank, N.A. v Singh, 191 AD3d 758, 760; Capital One, N.A. v McComb, 180 AD3d at 744).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
BRATHWAITE NELSON, J.P., RIVERA, FORD and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court