Wells Fargo Bank N.A. v Carney (2023 NY Slip Op 04231)

Wells Fargo Bank N.A. v Carney

2023 NY Slip Op 04231

Decided on August 9, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 9, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ROBERT J. MILLER
LARA J. GENOVESI
JANICE A. TAYLOR, JJ.

2020-07911
 (Index No. 12621/12)

[*1]Wells Fargo Bank N.A., etc., respondent, 
v
Denise Carney, et al., appellants, et al., defendants.

David B. Calender, Valley Stream, NY, for appellants.
Houser, LLP, New York, NY (David S. Yohay and Kathleen M. Massimo of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendants Denise Carney and Courtney Carney appeal from an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered February 19, 2020. The order, insofar as appealed from, denied that branch of the motion of those defendants which was for summary judgment dismissing the complaint insofar as asserted against them, and granted the plaintiff's cross-motion for summary judgment on the complaint insofar as asserted against those defendants, to strike their answer and affirmative defenses, and for an order of reference.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, that branch of the motion of the defendants Denise Carney and Courtney Carney which was for summary judgment dismissing the complaint insofar as asserted against them is granted, and the plaintiff's cross-motion for summary judgment on the complaint insofar as asserted against those defendants, to strike their answer and affirmative defenses, and for an order of reference is denied as academic.
In October 2012, the plaintiff commenced this action against the defendants Denise Carney and Courtney Carney (hereinafter together the defendants), among others, to foreclose a mortgage on certain residential property located in Old Brookville (hereinafter the subject property). As is relevant to this appeal, the defendants moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them, and the plaintiff cross-moved for summary judgment on the complaint insofar as asserted against the defendants, to strike their answer and affirmative defenses, and for an order of reference. In an order entered February 19, 2020, the Supreme Court denied the defendants' motion, and granted the plaintiff's cross-motion. The defendants appeal.
"'[P]roper service of RPAPL 1304 notice on the borrower or borrowers is a condition precedent to the commencement of a [residential] foreclosure action, and the plaintiff has the burden of establishing satisfaction of this condition'" (Deutsche Bank Natl. Trust Co. v Weininger, 206 AD3d 882, 883, quoting U.S. Bank N.A. v Henderson, 163 AD3d 601, 602 [internal quotation marks omitted]). RPAPL 1304(1) provides that "at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower, . . . including mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower." The notice must be sent by registered or certified mail and by first-class mail to the last known address [*2]of the borrower and to the premises at issue (see id. § 1304[2]).
Here, it is undisputed that the plaintiff failed to serve Courtney with notice pursuant to RPAPL 1304, and, contrary to the plaintiff's contention, he was entitled to such notice as a "borrower" within the meaning of that statute. Although Courtney did not sign the note, both of the defendants were title owners of the subject property and each executed the mortgage as a "borrower." "Where, as here, a homeowner defendant is referred to as a 'borrower' in the mortgage instrument and, in that capacity, agrees to pay amounts due under the note, that defendant is a 'borrower' for the purposes of RPAPL 1304, notwithstanding . . . any ambiguity created by a provision in the mortgage instrument to the effect that parties who did not sign the underlying note are not personally obligated to pay the sums secured" (Deutsche Bank Natl. Trust Co. v Weininger, 206 AD3d at 883; see Bank of N.Y. Mellon v Forman, 176 AD3d 663, 665-666). Since Courtney "signed the mortgage as a 'borrower' and, in that capacity, agreed to pay the amounts due under the note, [he] was entitled to . . . notice pursuant to RPAPL 1304" (Deutsche Bank Natl. Trust Co. v Weininger, 206 AD3d at 884; see Bank of N.Y. Mellon v Forman, 176 AD3d at 665-666). Here, the plaintiff conceded that it did not send the requisite notice to Courtney pursuant to RPAPL 1304. Accordingly, since service of RPAPL 1304 notices upon both borrowers was a condition precedent to commencement of the mortgage foreclosure action, and since the plaintiff failed to serve one of the borrowers, the Supreme Court should have granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them, and should have denied the plaintiff's cross-motion, inter alia, for summary judgment on the complaint (see Deutsche Bank Natl. Trust Co. v Weininger, 206 AD3d at 884; Wells Fargo Bank, N.A. v Yapkowitz, 199 AD3d 126, 131-132).
The parties' remaining contentions need not be reached in light of our determination or are without merit.
BARROS, J.P., MILLER, GENOVESI and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court