HSBC Bank USA, N.A. v Bott (2024 NY Slip Op 02524)

HSBC Bank USA, N.A. v Bott

2024 NY Slip Op 02524

Decided on May 8, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 8, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
LARA J. GENOVESI
LOURDES M. VENTURA, JJ.

2020-09668
 (Index No. 605950/17)

[*1]HSBC Bank USA, National Association, etc., respondent,
v
Stephen Bott, etc., et al., appellants, et al., defendants.

Charles Wallshein Esq. PLLC, Melville, NY, for appellants.
Robertson, Anschutz, Schneid, Crane & Partners, PLLC, Westbury, NY (Joseph F. Battista and Jeremy D. Kaufman of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendants Stephen Bott and Christine Bott appeal from an order of the Supreme Court, Suffolk County (Michael A. Gajdos, Jr., J.), dated October 26, 2020. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Stephen Bott and Christine Bott, to strike those defendants' answer and affirmative defenses, and for an order of reference, and denied those defendants' cross-motion for summary judgment dismissing the complaint insofar as asserted against them for failure to comply with RPAPL 1304.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Stephen Bott and Christine Bott, to strike those defendants' answer and affirmative defenses, and for an order of reference are denied, and those defendants' cross-motion for summary judgment dismissing the complaint insofar as asserted against them for failure to comply with RPAPL 1304 is granted.
In April 2017, the plaintiff commenced this action against the defendants Stephen Bott and Christine Bott (hereinafter together the defendants), among others, to foreclose a mortgage on certain residential property located in East Islip. The defendants interposed an answer asserting various affirmative defenses, including failure to comply with RPAPL 1304. Thereafter, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants, to strike their answer and affirmative defenses, and for an order of reference. The defendants opposed the motion and cross-moved for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff failed to comply with RPAPL 1304. The plaintiff opposed the cross-motion. By order dated October 26, 2020, the Supreme Court, among other things, granted those branches of the plaintiff's motion and denied the defendants' cross-motion. The defendants appeal.
RPAPL 1304(1) provides that "with regard to a home loan, at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower, . . . including mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower." "[P]roper service of RPAPL 1304 notice on the borrower or borrowers is a condition precedent to the commencement of a residential foreclosure action" (U.S. Bank Trust, N.A. v Mohammed, 197 AD3d 1205, 1207 [internal quotation marks omitted]; see Deutsche Bank Natl. [*2]Trust Co. v LoPresti, 203 AD3d 883, 884). RPAPL 1304(2) requires that the notice be sent by registered or certified mail, and also by first-class mail, to the last known address of the borrower.
Here, contrary to the plaintiff's contention, the defendants are both borrowers entitled to notice under RPAPL 1304. Although Stephen Bott was the only signatory to the note, both he and Christine Bott executed the mortgage, and Christine Bott is identified as a borrower on the first page of the mortgage. "Where, as here, a homeowner defendant is referred to as a 'borrower' in the mortgage instrument and, in that capacity, agrees to pay amounts due under the note, that defendant is a 'borrower' for the purposes of RPAPL 1304, notwithstanding . . . any ambiguity created by a provision in the mortgage instrument to the effect that parties who did not sign the underlying note are not personally obligated to pay the sums secured" (Deutsche Bank Natl. Trust Co. v Weininger, 206 AD3d 882, 883, citing Bank of N.Y. Mellon v Forman, 176 AD3d 663, 665-666). Therefore, Christine Bott was entitled to notice pursuant to RPAPL 1304 (see Deutsche Bank Natl. Trust Co. v Weininger, 206 AD3d at 883-884; HSBC Bank USA, N.A. v DiBenedetti, 205 AD3d 687, 689). Since it is undisputed that a jointly addressed 90-day notice, rather than individually addressed notices in separate envelopes, was sent to the defendants, the plaintiff failed to comply with RPAPL 1304, and the defendants established their prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against them (see Deutsche Bank Natl. Trust Co. v Hennessy, 218 AD3d 740, 741-742; Deutsche Bank Natl. Trust Co. v Weininger, 206 AD3d at 884). In opposition to the cross-motion, the plaintiff failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324).
Accordingly, the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants, to strike their answer and affirmative defenses, and for an order of reference and should have granted the defendants' cross-motion for summary judgment dismissing the complaint insofar as asserted against them for failure to comply with RPAPL 1304.
DILLON, J.P., CHAMBERS, GENOVESI and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court