Deutsche Bank Natl. Trust Co. v Cincu (2024 NY Slip Op 03406)

Deutsche Bank Natl. Trust Co. v Cincu

2024 NY Slip Op 03406

Decided on June 20, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 20, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
FRANCESCA E. CONNOLLY
LARA J. GENOVESI
CARL J. LANDICINO, JJ.

2022-03713
 (Index No. 30564/18)

[*1]Deutsche Bank National Trust Company, etc., respondent, 
v
Michael Cincu, et al., defendants, Edith Medina Cincu, appellant.

Legal Aid Society of Rockland County, Inc., New City, NY (Derek S. Tarson of counsel), for appellant.
Robertson, Anschutz, Schneid, Crane & Partners, PLLC, Westbury, NY (Joseph F. Battista of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Edith Medina Cincu appeals from an order of the Supreme Court, Rockland County (Robert M. Berliner, J.), dated October 1, 2020. The order granted the motion of the plaintiff, inter alia, to confirm a referee's report and for a judgment of foreclosure and sale and denied the cross-motion of the defendant Edith Medina Cincu for leave to renew her opposition to that branch of the plaintiff's prior motion which was for summary judgment on the complaint insofar as asserted against her, which had been granted in an order of the same court dated July 16, 2019, and, upon renewal, to deny that branch of the plaintiff's prior motion and to award that defendant summary judgment dismissing the complaint insofar as asserted against her.
ORDERED that the order dated October 1, 2020, is reversed, on the law, with costs, the plaintiff's motion, inter alia, to confirm the referee's report and for a judgment of foreclosure and sale is denied, the cross-motion of the defendant Edith Medina Cincu for leave to renew her opposition to that branch of the plaintiff's prior motion which was for summary judgment dismissing the complaint insofar as asserted against her is granted, and, upon renewal, that branch of the plaintiff's prior motion is denied, the defendant Edith Medina Cincu is awarded summary judgment dismissing the complaint insofar as asserted against her, and the order dated July 16, 2019, is modified accordingly.
On August 16, 2005, the defendant Michael Cincu (hereinafter Michael) borrowed the sum of $370,000 from Argent Mortgage Company, LLC. The note, which was executed by Michael, was secured by a mortgage on certain residential property located in Monsey. The mortgage agreement was executed on August 16, 2005, by Michael and the defendant Edith Medina Cincu (hereinafter the defendant) in favor of Argent Mortgage Company, LLC, and was recorded on October 3, 2005. In February 2009, the mortgage was assigned from Argent Mortgage Company, LLC, to the plaintiff.
In January 2018, the plaintiff commenced this action against Michael and the defendant, among others, to foreclose the mortgage. Subsequently, the plaintiff moved, inter alia, [*2]for summary judgment on the complaint insofar as asserted against the defendant. In an order dated July 16, 2019, the Supreme Court granted that branch of the plaintiff's motion. Subsequently, a referee issued a report determining the principal sum due and owing on the note.
Thereafter, the plaintiff moved, inter alia, to confirm the referee's report and for a judgment of foreclosure and sale. The defendant opposed the motion and cross-moved for leave to renew her opposition to that branch of the plaintiff's prior motion which was for summary judgment on the complaint insofar as asserted against her and, upon renewal, to deny that branch of the plaintiff's prior motion and to award the defendant summary judgment dismissing the complaint insofar as asserted against her. In an order dated October 1, 2020, the Supreme Court granted the plaintiff's motion and denied the defendant's cross-motion. The defendant appeals.
The Supreme Court erred in denying the defendant's cross-motion for leave to renew. A motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination or shall demonstrate that there has been a change in the law that would change the prior determination" (CPLR 2221[e][2]; McLaughlin v Snowlift, Inc., 214 AD3d 720, 721 [internal quotation marks omitted]). "A clarification of the decisional law is a sufficient change in the law to support renewal" (Dinallo v DAL Elec., 60 AD3d 620, 621; see U.S. Bank N.A. v Zapata, 218 AD3d 623, 625).
"Where a loan is a home loan for the borrower's principal residence, the mortgage creditor contemplating a mortgage foreclosure action is required, pursuant to RPAPL 1304, to serve the borrower with notice of his or her default in a specified form . . . at least 90 days prior to the commencement of the action" (Flagstar Bank, FSB v Jambelli, 140 AD3d 829, 830 [citation omitted]). In Bank of N.Y. Mellon v Forman, which was issued after the July 16, 2019 order, this Court clarified the meaning of the term "borrower" for the purposes of RPAPL 1304 (see Bank of N.Y. Mellon v Forman, 176 AD3d 663, 665). After Forman, where a homeowner defendant has not signed a note that is secured by a mortgage but is referred to as a "borrower" in the mortgage agreement signed by the homeowner defendant, that defendant is a borrower for the purposes of RPAPL 1304 (see id.; see also Wells Fargo Bank N.A. v Carney, 219 AD3d 670, 671-672; Deutsche Bank Natl. Trust Co. v Weininger, 206 AD3d 882, 883).
Here, although the defendant did not execute the underlying note, she was identified as a borrower both on the first page of the mortgage agreement and beneath her signature on the mortgage agreement (see Bank of N.Y. Mellon v Forman, 176 AD3d at 665). Though the plaintiff contends that a separate provision of the mortgage agreement indicates that the defendant is not obligated to pay the amounts due under the note, the defendant is nonetheless a borrower entitled to notice pursuant to RPAPL 1304 (see HSBC Bank USA, N.A. v Kalenborn, 215 AD3d 930, 932; Deutsche Bank Natl. Trust Co. v Weininger, 206 AD3d at 883; Bank of N.Y. Mellon v Forman, 176 AD3d at 665). The record is, therefore, sufficient to establish that the defendant is a borrower for purposes of RPAPL 1304, and it is undisputed that the plaintiff failed to serve the defendant with the requisite RPAPL 1304 notice. The defendant thus established a change in the law that would change the Supreme Court's prior determination of that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against the defendant (see CPLR 2221[e][2]; McLaughlin v Snowlift, Inc., 214 AD3d at 721).
The Supreme Court should have denied the plaintiff's motion, inter alia, to confirm the referee's report and for a judgment of foreclosure and sale inasmuch as it was predicated on the July 16, 2019 order granting that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against the defendant. Moreover, the court should have awarded summary judgment to the defendant dismissing the complaint insofar as asserted against her (see BSI, LLC v Raimo, 195 AD3d 590, 594). The defendant established her prima facie entitlement to judgment as a matter of law since it is undisputed that the plaintiff failed to serve the defendant with the requisite RPAPL 1304 notice and the defendant submitted an affidavit stating that she did not receive the RPAPL 1304 notice (see Bank of N.Y. Mellon v Forman, 176 AD3d at 666). In opposition, the plaintiff failed to raise a triable issue of fact.
The plaintiff's remaining contentions are without merit.
Accordingly, the Supreme Court should have denied the plaintiff's motion, inter alia, to confirm the referee's report and for a judgment of foreclosure and sale, granted the defendant's cross-motion for leave to renew, and, upon renewal, denied that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against the defendant and awarded the defendant summary judgment dismissing the complaint insofar as asserted against her.
LASALLE, P.J., CONNOLLY, GENOVESI and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court