**US Bank Trust N.A. v Friedman**

2024 NY Slip Op 33820(U)

October 22, 2024

Supreme Court, Nassau County

Docket Number: Index No. 601939/2023

Judge: Ellen Tobin

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT: STATE OF NEW YORK
COUNTY OF NASSAU

PRESENT:   Hon. Ellen Tobin, A.J.S.C.

————————————————————————X

US BANK TRUST NATIONAL ASSOCIATION,
NOT IN ITS INDIVIDUAL CAPACITY BUT
SOLELY AS OWNER TRUSTEE FOR
VRMTG ASSET TRUST,

                                        Plaintiff,

                    - against -

YAAKOV FRIEDMAN, et. al.,

                                        Defendants.

————————————————————————X

TRIAL/IAS PART 35

Index No. 601939/2023

Motion Seq. Nos. 002, 003, 004

DECISION AND ORDER

The following papers were read on these motions:          NYSCEF Doc. Nos.

| | |
|---|---|
| Notice of Motion, Statement of Material Facts, Affidavit and Affirmation in Support and Exhibits (Motion Seq. No. 2) | 59 - 81 |
| Notice of Cross Motion, Memorandum and Affidavit and Affirmations in Support of Cross Motion and in Opposition to Motion (Motion Seq. No. 3) | 85 - 92 |
| Notice of Cross-Motion and Affidavit and Affirmation in Support of Cross-Motion and in Opposition to Motion (Motion Seq. No. 4) | 94 - 96 |
| Affirmations in Opposition to Cross Motions and in Further Support of Motion | 97, 99 |
| Affirmation in Further Support of Cross Motion (Motion Seq. No. 3) | 101 |
| Affirmation in Further Support of Cross Motion (Motion Seq. No. 4) | 102 |

Plaintiff US Bank Trust National Association, Not In Its Individual Capacity But Solely

As Owner Trustee For VRMTG Asset Trust ("Plaintiff") moves for an Order:

1

[* 1]

(1) pursuant to CPLR § 3212, granting Plaintiff summary judgment and striking the answers and defenses asserted by defendants YAAKOV FRIEDMAN and RENA FRIEDMAN;

(2) pursuant to RPAPL §1311, substituting the name of the tenant "ALIZA FRIEDMAN" into the caption in place of the fictitious "JOHN DOE" defendants, and amending the action and the caption of this action accordingly;

(3) pursuant to CPLR § 3215, entering default judgments against the non-appearing defendants: WEST SIDE FEDERAL SAVINGS AND LOAN ASSOCIATION OF NEW YORK, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR FAIRMONT FUNDING, ITS SUCCESSORS AND ASSIGNS, CAPITAL ONE BANK (USA), NA, PEOPLE OF THE STATE OF NEW YORK, M. SPIEGEL & SONS OIL CORP. DBA SOS FUELS and ALIZA FRIEDMAN;

(4) pursuant to CPLR § 3215, appointing a referee to compute the amount due to Plaintiff and to examine and report how the mortgaged premises should be sold;

(5) directing the Nassau County Clerk to mark the mortgage recorded in the Nassau County Clerk's Office on February 15, 1954 in Liber 5127 at Page 124, as cancelled and discharged of record, and that said mortgage is no longer a lien upon the Property and shall be presumed satisfied pursuant to RPAPL § 1931;

(6) directing the Nassau County Clerk to mark the mortgage recorded in the Nassau County Clerk's Office on December 6, 1954 in Liber 5409 at Page 509, as cancelled and discharged of record, and that said mortgage is no longer a lien upon the Property and shall be presumed satisfied pursuant to RPAPL § 1931;

(7) for such other and further relief as the Court deems just and proper under the circumstances (Motion Seq. No. 002).

Defendant Yaakov Friedman ("Yaakov") opposes the motion and cross moves for an Order (1) pursuant to CPLR §§ 3212 and 6514, denying Plaintiff's motion and granting summary judgment in favor of Yaakov:

(a) dismissing Plaintiff's first cause of action under RPAPL §§ 1304 and 1306;

(b) directing the Nassau County Clerk to cancel the notice of pendency upon Plaintiff's payment of the costs and expenses occasioned by the filing and cancelation of such; and

(c) awarding Yaakov actual and reasonable attorneys' fees, costs and expenses in an amount to be determined, or, alternatively

2

[* 2]

(2) pursuant to CPLR § 3212 [b], denying Plaintiff's motion for failure to meet its prima facie burden and due to the existence of triable issues of material fact; and (3) for such other and further relief as the court deems just and proper (Motion Seq. No. 003).

Defendant Rena Friedman ("Rena") also opposes Plaintiff's motion and cross moves for an Order:

(i)     pursuant to CPLR § 3212, denying Plaintiff's motion, granting Rena's motion for summary judgment and dismissing Plaintiff's complaint in its entirety; and

(ii)     for such other and further relief as the Court deems just and proper (Motion Seq. No. 004).

Plaintiff opposes the cross motions. Each party filed a reply in further support of its/his/her motion. The motions are decided as set forth herein.

## FACTUAL AND PROCEDURAL BACKGROUND

In December 2004, Yaakov executed and delivered a note to Fairmount Funding, Ltd. in the amount of $333,700, agreeing to repay the principal balance, accrued interest and other amounts until paid (the "Note" and the "Loan"). On the same day and as security for the Note, Yaakov and Rena executed and delivered a mortgage for the real property located at 573 Derby Avenue, Woodmere, NY 11598 (the "Mortgage" and the "Property"). The Mortgage was recorded in the County Clerk's Office on December 15, 2004 in Liber 28060 at page 810. The Loan was subsequently modified by Loan Modification Agreement dated August 9, 2016 and recorded in the Nassau County Clerk's Office on August 15, 2017, in which the principal amount was modified to $301,633.74.

In January 2023, Plaintiff commenced this action by filing a summons and complaint (among other things), alleging that Yaakov and Rena (together, "Defendants") failed to pay the amount due under the Note on February 1, 2019 and all payments thereafter. Plaintiff's first cause

[* 3]

of action is as against Defendants seeking to foreclose on the Mortgage.[1]  Defendant Yaakov interposed an Answer and asserted affirmative defenses including Plaintiff's lack of standing and failure to comply with a condition precedent prior to commencement.  Defendant Rena also interposed an Answer and asserted affirmative defenses including Plaintiff's lack of standing.

**THE PARTIES' CONTENTIONS**

**A.      Plaintiff's Prima Facie Case**

In support of its motion, Plaintiff submits, *inter alia*, copies of the Note and Mortgage and the affidavit of Jason Clemens ("Clemens"), who is an employee of Fay Servicing, LLC ("Fay Servicing") "as Servicer/Attorney-in-Fact" for Plaintiff.  Plaintiff additionally submits a Limited Power of Attorney dated October 3, 2019, regarding Fay Servicing's purported authority to service the Loan.  In his affidavit, Clemens avers that Defendants defaulted in repaying the Loan and Plaintiff satisfied all conditions precedent prior to commencing this action.

Clemens attests that his affidavit is based on his personal knowledge and experience as an employee of Fay Servicing, his knowledge of Fay Servicing's practices and procedures, and his review of Fay Servicing's business records relating to the Loan.  Regarding service of the RPAPL § 1304 notices, Clemens asserts that notices were sent to Rena and Yaakov via regular and certified mail at the Property address, and to the Borrowers' last known address if different, mailed separately from any other mailing, containing the information required by the statute.  Annexed to the Clemens' affidavit are copies of the 90-day Notices, along with Fay Servicing's records on which Clemens relied.  The records show that the 90-day Notices were sent to Rena and Yaakov at the Property Address by regular and certified mail on May 9, 2022.

---

[1] Plaintiff's second and third causes of action are alleged against other defendants based on ancient mortgages.

4

[* 4]

Plaintiff contends it has demonstrated standing through the Clemens' Affidavit, in which Clemens attests "[t]he original Note was transferred and delivered to Plaintiff's Document Custodian, U.S. Bank DCS, located at 7861 Bayberry Road Jacksonville, FL 32256 [and] Plaintiff's Document Custodian has maintained possession of the original Note since March 5, 2020." Plaintiff also avers the Mortgage was assigned to Plaintiff by Assignment of Mortgage executed on December 15, 2020 and recorded in the Nassau County Clerk's Office on January 26, 2021 (Clemens Aff. ¶¶11, 12, Ex. E.).

**B.      Defendants' Arguments In Opposition To The
Motion And In Support Of The Cross-Motions**

In opposition to the motion and in support of their cross motions, Defendants aver Plaintiff failed to demonstrate its strict compliance with RPAPL § 1304. Defendants contend Yaakov has not resided at the Property address since approximately 2018, when he and Rena separated and then divorced. Yaakov avers that he subsequently moved to 826 Peninsula Boulevard, Woodmere, New York (the "Peninsula Address"), which has been his sole residence and principal dwelling since. Yaakov provides a copy of his NYS Driver's License issued on February 1, 2022 and his NYS Voter Registration, both of which state the Peninsula Address as his address. Yaakov further avers that in or around 2022, he was in communication with Fay Servicing about an unrelated loan transaction, and provided Fay Servicing with evidence of his residency at the Peninsula Address. Defendants contend that because Plaintiff's submissions shows that the RPAPL § 1304 notice was mailed to Yaakov at the Property address only – and not to Yaakov's last known address (*i.e.*, the Peninsula Address), Plaintiff failed to establish its strict compliance with RPAPL § 1304. Defendants argue that Plaintiff's lack of compliance with a condition precedent requires dismissal of the complaint as against both Borrowers.

5

[* 5]

Defendants further contend that the Clemens Affidavit fails to show that Fay Servicing was authorized to act on Plaintiff's behalf at the time of commencement. Defendants contends that the Limited Power of Attorney ("LPOA") annexed to Clemens' affidavit appointed Fay Servicing as Attorney-In-Fact for Plaintiff:

> by and through any officer appointed by the Board of Directors of Servicer, to execute and acknowledge in writing or by facsimile stamp all documents customarily and reasonably necessary and appropriate for the tasks [enumerated] below; provided however, that (a) the documents described below may only be executed and delivered by such Attorneys-In-Fact if such documents are required or permitted under the terms of the Servicing Agreement dated as of July 23, 2019 as amended and joined from time to time, among VRMTG ACQ, LLC, Depositor, Fay Servicing, LLC as Servicer, and U.S. Bank Trust National Association, as Trustee for VRMTG Asset Trust. (NYSCEF Doc. No. 66, at 3)

Defendants contend that only an officer appointed by Fay Servicing's Board of Directors is authorized to act on Plaintiff's behalf, and Clemens does not show or even allege that he is such a duly appointed officer. Further, the LPOA restricts and conditions Fay Servicing's power to execute and deliver certain documents on the terms of the "Servicing Agreement," which has was not submitted by Plaintiff.

Defendants further contend that Plaintiff – through the Complaint and the Clemens Affidavit – concedes the Note was in the possession of non-party U.S. Bank DCS ("US Bank"). Defendants contend that Plaintiff and Fay failed to tender evidence showing that US Bank was the duly appointed and lawful custodial agent of Plaintiff with respect to the Loan. Accordingly, Defendants argue, Plaintiff did not establish its possession of the Note at the time of commencement.

6

[* 6]

In Reply and opposition to the cross motions, Plaintiff argues that by annexing to the Complaint a copy of the Note endorsed in blank, Plaintiff demonstrates its possession of the Note at the time of commencement and, thus, Plaintiff's standing.

## DISCUSSION AND ANALYSIS

### A.   Legal Standard For Summary Judgment

Summary judgment is appropriate when there is no issue of material fact and the movant is entitled to judgment as a matter of law (CPLR 3212; *Zuckerman v New York*, 49 NY2d 557, 562 [1980]; *St. Claire v Empire Gen. Contr. & Painting Corp.*, 33 AD3d 611, 611 [2d Dept 2006]). The movant bears the initial burden of showing there are no genuine issues of material fact (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).  The burden then shifts to the party opposing the motion for summary judgment to come forth with evidence, in admissible form, establishing the existence of a triable issue of fact (*Alvarez v Prospect Hosp.*, 68 NY2d at 324; *Bercy Invs. v Sun*, 239 AD2d 161 [1st Dept 1997]; *Federal Home Loan Mtge. Corp. v Karastathis*, 237 AD2d 558, 559 [2d Dept 1997]).  Conclusory allegations unsupported by competent evidence are insufficient to defeat a motion for summary judgment (*Alvarez v Prospect Hosp.*, 68 NY2d at 324-25; *Zuckerman v New York*, 49 NY2d at 562).  Dispositive motions based on debt instruments will be granted unless a defendant brings forth demonstrative proofs beyond "shadowy and conclusory statements" (*Hogan & Co. v Saturn Mgt.*, 78 AD2d 837, 837 [1st Dept 1981]).

A plaintiff's right to judgment of foreclosure is established as a matter of law through the production of the unpaid note, mortgage and evidence of the mortgagor's default, thereby shifting the burden to the defendant to demonstrate, through both competent and admissible evidence, any defense that could raise a question of fact (*Emigrant Mtge. Co., Inc. v Beckerman*, 105 AD3d 895,

[* 7]

895 [2d Dept 2013]; *Solomon v Burden*, 104 AD3d 839, 839 [2d Dept 2013]; *US Bank N.A. v Denaro*, 98 AD3d 964, 964 [2d Dept 2012]).

"[P]roper service of RPAPL § 1304 notice on the borrower ... is a condition precedent to the commencement of a [residential] foreclosure action, and the plaintiff has the burden of establishing satisfaction of this condition" (*Wells Fargo Bank N.A. v Carney*, 219 AD3d 670, 671 [2d Dept 2023] [internal quotation marks omitted, changes in original]; *see generally Bank of Am., N.A. v Kessler*, 39 NY3d 317, 321 [2023]). Under RPAPL § 1304, the lender or assignee must provide the borrower or borrowers with at least 90 days' notice before commencing a mortgage foreclosure action. "Proof of the requisite mailings of the notice of default and the RPAPL § 1304 ninety-day notices may be established with proof of the actual mailings, such as affidavits of mailing or domestic return receipts with attendant signatures, or proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure" (*Wells Fargo Bank, N.A. v Cherot*, 197 AD3d 773, 775 [2d Dept 2021] [internal quotations and citations omitted]).

**B.** **Plaintiff's Standing To Bring This Action**

A plaintiff in a foreclosure action has standing to bring the case when it is "both the holder or assignee of the subject mortgage and the holder or assignee of the underlying note prior to commencement of the action" (*GRP Loan*, 95 AD3d 1172, 1173 [2d Dept 2012] [internal citations omitted]; *Bank of N.Y. v Silverberg*, 86 AD3d 274, 279 [2d Dept 2011]; *U.S. Bank N.A. v Cange*, 96 AD3d 825, 826 [2d Dept 2012]; *U.S. Bank, N.A. v Collymore*, 68 AD3d 752, 753-754 [2d Dept 2009]). "Where the issue of standing has been raised by the defendant, a plaintiff must prove its standing in order to be entitled to relief," through "either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action,"

8

[* 8]

which is sufficient to transfer the obligation (*GRP Loan, LLC v Taylor*, 95 AD3d 1172, 1173 [2d Dept 2012]; *U.S. Bank, N.A. v Collymore*, 68 AD3d at 754; *HSBC Bank USA v Hernandez*, 92 AD3d 843, 844 [2d Dept 2012]). Once a promissory note is tendered to and accepted by an assignee, the mortgage passes as an incident to the note (*Bank of New York v Silverberg*, 86 AD3d 274, 280 [2d Dept 2011]).

Here Plaintiff fails to establish it had possession of the Note at the time of commencement. The copy of the Note attached to the Complaint bears no evidence of authenticity or originality. Further, the Complaint itself controverts Plaintiff's possession of the Note at the time, alleging:

> The original Note was transferred and delivered to Plaintiff's Document Custodian, U.S. Bank DCS located at 7861 Bayberry Road Jacksonville, FL 32256. Plaintiff's Document Custodian has maintained possession of the original Note since 03/05/2020 (Complaint ¶7).[2]

On the record before the Court, there is no evidence of a custodial relationship between Plaintiff and US Bank and that the latter was authorized to maintain or hold the Note on Plaintiff's behalf.

Plaintiff also fails to establish that Fay Servicing was authorized to act on Plaintiff's behalf when this was commenced (*see U.S. Bank N.A. v Tesoriero*, 204 AD3d 1066, 1068 [2d Dept 2022]). As discussed above, the LPOA provides that an "officer appointed by the Board of Directors" of Fay Servicing may act on Plaintiff's behalf, and refers to "related servicing agreements." However, the Clemens Affidavit fails to establish that Clemens was an officer appointed by Fay Servicing's Board of Directors. Plaintiff also did not submit any such related servicing agreements (*see U.S. Bank N.A. v Tesoriero*, 204 AD3d at 1068). On reply Plaintiff

---

[2]Plaintiffs reiterate this statement in the Clemens Affidavit. However it is inadmissible hearsay as Clemens fails to identify the source of his knowledge and fails to annex the subject business records on which he relied regarding possession of the Note (*see U.S. Bank N.A. v Medina*, ___AD3d___, 2024 NY Slip Op 04588, *4 [2024]; *HSBC Bank USA, N.A. v Pacifico*, ___AD3d___, 2024 NY Slip Op 04198, *3 [2024]; *Deutsche Bank Natl. Trust Co. v Motzen*, 207 AD3d 434, 436 [2d Dept 2022]).

9

[* 9]

contends that the LPOA does not contain restrictions or conditions based on the terms of other agreements; however Plaintiff does not proffer evidence to remedy the deficiencies raised by Defendants, nor does Plaintiff address the contract language highlighted by Defendants.

In sum Plaintiff fails to make a prima facie showing that Fay Servicing was authorized to act on Plaintiff's behalf. Plaintiff also fails to show that the documents annexed to the Clemens Affidavit were business records of Plaintiff or its authorized agent. Plaintiff also fails to establish its standing based on possession of the Note at the time of commencement or otherwise. Accordingly, Plaintiff fails to demonstrate its entitlement to summary judgment (*see Citibank, N.A. v Herman,* 215 AD3d 626, 628 [2d Dept 2023]; *US Bank N.A. v Cusati,* 185 AD3d 870, 872 [2d Dept 2020]; *HSBC Bank USA, N.A. v Betts,* 67 AD3d 735, 736 [2d Dept 2009]).

## C.   Defendants' Cross Motions For Summary Judgment

Defendants are not entitled to summary judgment dismissing the complaint because they fail to eliminate all triable issues of fact as to whether Plaintiff complied with the requirements of RPAPL § 1304, and whether Plaintiff had standing to commence the action via physical possession of the Note at the time of commencement (*Citibank, N.A. v Herman,* 215 AD3d 626, 628 [2d Dept 2023]). Defendants do not make a prima facie showing that they were (1) not served with a 90-day Notice pursuant to RPAPL § 1304 at the Property address, or (2) the Property address was not Yaakov's last-known address according to Plaintiff's records. Defendants do not proffer evidence sufficient showing that Yaakov notified Plaintiff of his change of address as required by the Mortgage (*see Emigrant Bank v Carrera,* 208 AD3d 636, 639 [2d Dept 2022]; *Wells Fargo Bank, N.A. v Tricario,* 180 AD3d 848, 853 [2d Dept 2020]).

Defendants' failure to proffer evidence eliminating all material issues of fact as to, among other things, Plaintiff's possession of the Note at the time of commencement and whether Plaintiff

10

[* 10]

timely served Defendants with 90-day Notices at the Property address in May 2022, as required by RPAPL § 1304, precludes dismissal of the complaint (*see Hudson Val. Fed. Credit Union v Tavares*, 206 AD3d 891, 893 [2d Dept 2022]; *contra Deutsche Bank Natl. Trust Co. v Weininger*, 206 AD3d 882, 884 [2d Dept 2022]; *Wells Fargo Bank N.A. v Carney*, 219 AD3d 670, 672 [2d Dept 2023]).

**D.      Plaintiff's Motion To Replace The "John Doe" Defendant**

Plaintiff moves pursuant to RPAPL § 1311, to substitute the name of the tenant "Aliza Friedman" as a necessary party in place of the fictitious "John Doe" defendants and amending the caption accordingly.

In support of this branch of the motion, Plaintiff avers that on February 9, 2023, Plaintiff's process server went to the Property and learned that a tenant by the name of Aliza Friedman ("Aliza") is an occupant of the Property. On the same date, Plaintiff served Aliza with the Summons and Complaint, RPAPL § 1303 notice and other commencement-related documents. On February 15, 2023, Plaintiff mailed a copy of the required RPAPL § 1303 notice to Aliza. There is no opposition to the branch of Plaintiff's motion and the same is GRANTED.

**E.      Plaintiff's Motion To Discharge An Ancient Mortgage**

Plaintiff contends that a title search of the Property revealed two outstanding prior mortgages, namely: (1) a mortgage executed on February 15, 1954 by Robert M. Lee Corporation to West Side Federal Savings and Loan Association of New York in the amount of $15,200.00, and recorded in the Nassau County Clerk's Office on February 25, 1954, in Liber 5127, at Page 124, and (2) a mortgage executed on December 6, 1954 by Joyce Applebaum and Marvin Applebaum to West Side Federal Savings and Loan Association of New York in the amount of $15,200.00, and recorded in the Nassau County Clerk's Office on December 17, 1954, in Liber

11

[* 11]

5409, at Page 509 (together, the "Prior Mortgages"). Plaintiff contends that pursuant to RPAPL § 1931, each Prior Mortgage had a date certain due over 20 years ago and thus should be presumed ancient and satisfied. Plaintiff seeks an order directing the Nassau County Clerk to mark the Prior Mortgages as cancelled and discharged, and that said mortgages are no longer liens on the Property.

This branch of Plaintiff's motion is deficient under RPAPL § 1931. Plaintiff did not (1) move by a verified petition; (2) allege the mortgages have been paid; or (3) state whether the corporate mortgagee has ceased to exist and do business (*see* RPAPL § 1931), among other things. The application and evidence are insufficient to provide the requested relief.

Upon the foregoing, it is hereby

**ORDERED**, that the branches "1," "3" and "4" of the Plaintiff's motion seeking summary judgment as against defendant Yaakov and Rena Friedman, a default judgment as against the non-appearing defendants and related relief, and branches "5" and "6" seeking to discharge an ancient mortgage are **DENIED;** and it is further

**ORDERED**, that branch "2" of the Plaintiff's motion seeking to substitute "Aliza Friedman" for "John Doe" is **GRANTED;** and it is further

**ORDERED**, that the caption is amended to read as follows:

```
------------------------------------------------------------X
US BANK TRUST NATIONAL ASSOCIATION,
NOT IN ITS INDIVIDUAL CAPACITY BUT
SOLELY AS OWNER TRUSTEE FOR
VRMTG ASSET TRUST,
                                Plaintiff,

        - against -


YAAKOV FRIEDMAN, RENA FRIEDMAN,
WEST SIDE FEDERAL SAVINGS AND LOAN
```

12

[* 12]

ASSOCIATION OF NEW YORK, MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS, INC.,
NOMINEE FOR FAIRMONT FUNDING, ITS
SUCCESSORS AND ASSIGNS, CAPITAL ONE
BANK (USA), NA, PEOPLE OF THE STATE OF
NEW YORK, M. SPIEGEL & SONS OIL CORP
D/B/A SOS FUELS, and ALIZA FRIEDMAN,

Defendants.

----------------------------------------------------------------X

; and it is further

**ORDERED**, that defendant Yaakov Friedman's cross motion for summary judgment dismissing Plaintiff's first cause of action is **DENIED**; and it is further

**ORDERED**, that defendant Rena Friedman's cross motion for summary judgment dismissing Plaintiff's complaint is **DENIED**; and it is further

**ORDERED**, that all counsel and self-represented parties shall appear for a compliance conference on December 12, 2024, at 10:00AM in Part 35, 100 Supreme Court Drive, Mineola, New York and shall be prepared to discuss and enter into a schedule to complete all outstanding discovery.

Any other relief sought herein and not addressed or ruled on is **DENIED.**

This constitutes the Decision and Order of the Court.

DATED:  Mineola, New York
October 22, 2024

**ENTER:**

_____

**HON. ELLEN TOBIN, A.J.S.C.**

**ENTERED**

Oct 24 2024

NASSAU COUNTY
COUNTY CLERK'S OFFICE

13

[* 13]