■ BANK LEUMI TRUST COMPANY OF NEW YORK, Respondent, v LIGHTNING PARK, INC., Appellant, et al., Defendants. [626 NYS2d 202] —Orders, Supreme Court, New York County (Carol Arbor, J.), entered on or about March 31, 1994, and on or about October 6, 1994, which, in an action to foreclose a mortgage, inter alia, granted plaintiff's motion for summary

judgment, referred to a Referee to compute, appointed a temporary receiver, denied defendant-appellant's motion to restrain the receiver from dispossessing it from the mortgaged premises prior to a sale thereof, granted plaintiff's motion to confirm the Referee's report and granted plaintiff a judgment of foreclosure and sale, unanimously affirmed, with one bill of costs, except insofar as mooted by the decision dated February 17, 1995 vacating so much of the order entered October 6, 1994 as confirmed the Referee's report.

A mortgagee establishes a prima facie case for foreclosure by production of the mortgage documents and proof of default *(Village Bank v Wild Oaks Holding,* 196 AD2d 812). Contrary to defendant's contentions there is no requirement that where, as here, the mortgage debt has been guaranteed, the mortgagee must also allege that the guarantor was given notice of the default and failed to cure it *(cf., supra).* The court properly converted the motion to dismiss to one for summary judgment after giving adequate notice of its intention to do so (CPLR 3211 [c]; *see, Four Seasons Hotels v Vinnik,* 127 AD2d 310, 319-320), and correctly found that defendant's conclusory and unsupported claims of fraud and collusion between plaintiff and the guarantor do not raise an issue of fact *(see, Friesch-Groningsche Hypotheekbank Realty Credit Corp. v Ward Equities,* 188 AD2d 397). The court also properly exercised its discretion in appointing a receiver under mortgage documents expressly providing therefor (Real Property Law § 254 [10]; *see, Clinton Capital Corp. v One Tiffany Place Developers,* 112 AD2d 911, 912), and as the property, a parking lot, was generating "rents and profits" *(Fairchild v Gray,* 136 Misc 704, 707), properly refused to restrain the receiver from utilizing the booth located on the lot and collecting income from licensees permitted to park thereon *(see, Holmes v Gravenhorst,* 263 NY 148, 153-154). Concur—Murphy, P. J., Ellerin, Kupferman, Ross and Mazzarelli, JJ.