■ CHEMICAL BANK, Respondent, v BROADWAY 55-56TH STREET ASSOCIATES et al., Appellants. [632 NYS2d 553] —Order, Supreme Court, New York County (Harold Tompkins, J.), entered March 2, 1995, which, *inter alia*, granted plaintiff's

motion for summary judgment and order of same court and Justice, entered July 6, 1995, which denied defendant's motion to renew, unanimously affirmed, with costs.

In this mortgage foreclosure action, plaintiff bank established a prima facie case of its entitlement to summary judgment through the production of the mortgage documents establishing its $30 million loan to defendants, which defendants William Zeckendorf and Swig Investment Company guaranteed up to $15 million, and by proof of defendants' default as of April, 1993, when they ceased making the required $125,000 monthly amortization payment (*Bank Leumi Trust Co. v Lightning Park*, 215 AD2d 246, 247). Defendants failed to meet their burden of demonstrating issues of fact as to the mortgagee's agreement to an oral modification to extend the February, 1994 maturity date to February, 1996, and to forego the monthly amortization payments during that time (*see, CrossLand Sav. v Loguidice-Chatwal Real Estate Inv. Co.*, 171 AD2d 457). The mortgage and note each contained a clause prohibiting any oral modification. On each of two prior occasions that the mortgagee granted an extension of the maturity date, the parties executed written amendments to the loan documents, which were confirmed by each guarantor. Although defendants claimed that plaintiff's representative agreed to the modification during an April 14, 1993 meeting, that same employee sent a letter to defendants the following week confirming that the bank was merely considering their request for a modification. Moreover, the Third Amendment to Note which extended the maturity date to February, 1994, was not executed by the mortgagee until June, 1993, two months after this alleged modification. And after a September 8, 1993 meeting, during which defendants submitted extensive documents in support of the alternative 80/20 Housing Plan that they had proposed during the April meeting, one of the mortgagee's managing directors sent a letter to defendants, on September 22, 1993, setting forth the circumstances under which the bank would consider a modification of the February, 1994 maturity date. Under the circumstances, the IAS Court properly determined that defendants' contention "fail[ed] to meet the 'threshold of believability' of an oral promise to forego or delay foreclosure" (*Friesch-Groningsche Hypotheekbank Realty Credit Corp. v Ward Equities*, 188 AD2d 397, 398).

Defendants' pursuit of the 80/20 Plan and payment of real estate taxes and interest pending approval of the modification, were not "unequivocally referable" to the alleged oral modification to constitute partial performance or "otherwise * * *

[in]compatible" with the loan documents as would be necessary to establish estoppel (*Rose v Spa Realty Assocs.*, 42 NY2d 338, 343-344; *Massachusetts Mut. Life Ins. Co. v Gramercy Twins Assocs.*, 199 AD2d 214).

We have considered defendants' remaining contentions, including those related to the denial at renewal, and find them to be without merit. Concur—Sullivan, J. P., Kupferman, Williams and Tom, JJ.