■ JANET CHANG, Appellant, v WILSON CHANG et al., Respondents, et al., Defendants. [655 NYS2d 22] —Orders, Supreme Court, New York County (Ira Gammerman, J.), entered January 11, 1996 and December 13, 1996 which, in a shareholder's derivative action, denied plaintiff's motion to set aside the stipulation of settlement between herself and the Chang defendants, and insofar as appealable, denied plaintiff's motion for renewal, unanimously affirmed, with one bill of costs.

No basis is shown for setting aside this open court stipulation of settlement. If, as plaintiff asserts, defendants' attorney misrepresented to her that the court had "ordered" the parties to settle, or defendant's financial condition, her reliance thereon would not have been justified. Nor is the stipulation so vague as to be unenforceable or so one-sided as to be unconscionable. Apparently, induced by a belief that any judgment she might obtain against defendants would be subordinate to claims of other creditors and uncollectible, plaintiff, upon advice of counsel, gave up her claim against defendants in exchange for an assignment of their legal malpractice claim, their promise to use best efforts to sell the building that is the subject corporation's only asset, and a right to 50% of the net proceeds of such sale. Whether improvident we cannot say, but the stipulation certainly is not unconscionable, and plaintiff's claim that defendants breached the stipulation by not using their best efforts to avoid foreclosure is supported only by conclusory allegations. In any event, since the building has already been foreclosed, the parties cannot be returned to the status quo, and the motion court properly advised plaintiff that her remedy, if any, lay not in rescission of the stipulation but in a plenary action for damages (*Barry v Mutual Life Ins. Co.*, 53 NY 536; *Barcia v Barcia*, 283 App Div 726). Finally, on her motion to renew, plaintiff did not show a valid excuse for not having submitted the purportedly newly discovered information in the first instance, and, accordingly, renewal was properly denied. In any event, even if the affidavits of plaintiff's relatives were considered, and credited, it would not avail her since, as already noted, she could not justifiably rely on the alleged misrepresentations. We have considered plaintiff's other

contentions and find them to be without merit. Concur—Sullivan, J. P., Milonas, Rosenberger and Andrias, JJ.