■ G.E. CAPITAL MORTGAGE SERVICES, INC., Formerly Known as TRAVELERS MORTGAGE SERVICES, INC., Respondent, v BEATRICE HOLBROOKS, Appellant, et al., Defendants. [666 NYS2d 175] —Order, Supreme Court, New York County (Leland DeGrasse, J.), entered April 22, 1996, which, in an action to foreclose a mortgage, denied defendant's motion to vacate a judgment entered on her default in opposing plaintiff's motion for summary judgment, unanimously affirmed, without costs. Order, same court and Justice, entered on or about January 22, 1997, which, *inter alia*, denied defendant's second motion to vacate the judgment, and to consolidate this action with two other foreclosure actions pending against defendant, unanimously affirmed, without costs.

Counsel's conclusory assertion that prior counsel's affirmation in opposition to the motion for summary judgment was not submitted because of "confusion generated by substitution of attorneys" was properly rejected by the IAS Court as an inadequate excuse for defendant's default (*see, Transit Graphics v Arco Distrib.*, 202 AD2d 241; *Correa v Ahn*, 205 AD2d 575). Nor was a meritorious defense shown. Though the power of attorney used to execute the mortgage on defendant's behalf may have been forged by her son, defendant did acquire title through that transaction, and it would be plainly unjust to confer a windfall upon her by denying plaintiff an equitable lien. Concerning the second motion, the affidavit of defendant's son that he forged defendant's power of attorney in furtherance of a conspiracy he entered into with the mortgage brokers by whom he was employed did not present any new information not available when the first motion was submitted, and thus the motion should have been denied without consideration given to the affidavit (*see, Mucciola v City of New York*, 177 AD2d 553). In any event, defendant's argument that the

mortgage brokers were plaintiff's agents fails on its own terms because the fraud, as described in the son's affidavit, was such that the brokers clearly had to withhold facts from plaintiff, and thus the brokers' knowledge cannot be imputed to plaintiff (*see, Quintel Corp. v Citibank*, 606 F Supp 898, 913). Consolidation was properly denied on the ground that the actions involve different properties, lenders, procedural histories and facts concerning defendant's prior ownership interests. We have considered defendant's other arguments and find them to be without merit. Concur—Wallach, J. P., Nardelli, Tom, Mazzarelli and Colabella, JJ.