■ CITIDRESS II, Appellant, v 207 SECOND AVENUE REALTY CORP., et al., Respondents, et al., Defendants. (And Another Action.) [802 NYS2d 393]—

Order, Supreme Court, New York County (Sherry Klein Heitler, J.), entered November 12, 2003, which, upon renewal, denied plaintiff's motion for summary judgment, unanimously reversed, on the law, with costs and disbursements, summary judgment granted to plaintiff, and the matter remanded for further proceedings including entry of judgment.

Plaintiff Citidress II, as assignee of Eastbank, commenced this foreclosure action in October 1999, naming as defendant 207 Second Avenue Realty Corp., the mortgagor under the two consolidated mortgages at issue. Originally, Wilson Chang and his wife Ruby, 50% owners of 207, were not named as defendants; neither was Janet Chang, the other 50% owner. The loans underlying the mortgages had been guaranteed by Wilson and Ruby Chang. 207's default was subsequently vacated. In granting vacatur, the court held that Janet Chang's claim in her supporting affidavit that the mortgages and loans were not authorized was barred under the doctrine of res judicata by virtue of a stipulation discontinuing an earlier commenced derivative action brought by her against Wilson and Ruby Chang. At the court's direction, plaintiff served a supplemental complaint in this action, adding all three Changs as defendants. These rulings were not appealed.

In the derivative action, to which plaintiff was not a party, Janet Chang had claimed that the consolidated mortgages at issue were unauthorized. That action was settled by a "so ordered" stipulation, as part of which 207 assigned its legal malpractice claim against 207's attorney (based on representations in opinion letters to the original lenders that the loans

and mortgages were authorized) to Janet Chang, who discontinued her action with prejudice against Wilson and Ruby Chang. In exchange, the latter promised to use their best efforts to sell the subject building and give 50% of the proceeds to Janet Chang. The stipulation stated that it was to be deemed a general release. A motion by Janet Chang to set aside the stipulation was denied and the ruling affirmed (*Chang v Chang*, 237 AD2d 235 [1997]).

After the vacatur of 207's default in this action, 207 and Janet Chang answered jointly, asserting that 207 never received the loan proceeds, which had been stolen by Wilson and Ruby Chang, that plaintiff was aware of such theft when it purchased the notes and mortgages, and that the notes and mortgages had not been authorized by 207. Plaintiff moved for summary judgment; 207 and Janet Chang cross-moved for summary judgment dismissing the complaint, reasserting, inter alia, that the loans and mortgages were unauthorized and that the loan proceeds had been diverted by Wilson and Ruby Chang to their own use. On June 25, 2002, the court, rejecting the claims that the loans and mortgages were unauthorized, granted summary judgment to plaintiff and denied the cross motion. It held that "207 and Janet Chang have alleged wrongful conduct on the part of the [Wilson] Changs, not Citidress, the mortgagee. Thus, they have not brought sufficient claims against Citidress." The court also reaffirmed its earlier holding in rejecting Janet Chang's attempt to set aside the stipulation settling the derivative action, according the discontinuance res judicata effect.

Janet Chang subsequently prosecuted the assigned legal malpractice claim against 207's attorney to verdict; the lender banks were not a party to that action. The jury found that the attorney, by then deceased, had assisted Wilson and Ruby Chang in obtaining the loans without corporate authorization, and that they had diverted the loan proceeds to their own use. It awarded Janet Chang $1,930,491 in compensatory damages, $176,000 in legal fees and $3 million in punitive damages. As shown by the damages chart Janet Chang submitted to the jury, she and 207 sought compensation for, inter alia, the "claim of [plaintiff] (acquired mortgage from East Bank) (presently in foreclosure)." In February 2003, relying on the jury findings that the loans had not been authorized, Janet and 207 moved to renew and reargue the prior summary judgment ruling. Although the ultimate issue in the malpractice trial was the attorney's negligence and disloyalty, and despite the fact that there had been no allegations at the trial or in the renewal/reargument motion that the original lenders had reason to know

about the alleged misconduct of Wilson and Ruby Chang, the motion papers were replete with accusations as to their fraud in obtaining the loans and their embezzlement of the loan proceeds.

In opposition, plaintiff asserted, inter alia, that reargument was inappropriate because the motion merely rehashed the assertion that the wrongdoing by Wilson and Ruby Chang, as mortgagors, barred foreclosure, which had been previously rejected in the summary judgment ruling; that reargument was barred by res judicata and collateral estoppel in light of the prior determination that the mortgage was valid; that reargument was barred by judicial estoppel in that Janet Chang could not now challenge a mortgage where the malpractice verdict had awarded her compensation for damages incurred by reason of the mortgage, thus acknowledging its validity; that the malpractice verdict was not binding on plaintiff, which was not a party in the malpractice action; that there was no proof that plaintiff, as assignee of the mortgage, was aware of the estrangement between Janet Chang and Wilson and Ruby Chang, let alone Janet's claim as to the lack of authority to obtain the loan and mortgage the premises; and finally, that the misconduct of the attorney and the comortgagor Changs could not be imputed to the mortgagee.

Supreme Court considered the motion as one to renew based on the jury verdict in the malpractice action. In granting renewal and denying plaintiff's motion for summary judgment, the court held that an assignee assumes a mortgage subject to the equities of the original transaction. The court found that there was an issue of fact as to whether the mortgages were unenforceable by reason of fraud. We reverse.

Plaintiff proved its prima facie entitlement to foreclosure by submitting unchallenged proof, on the summary judgment motion, of the mortgage and note as well as 207's default in payment (see North Fork Bank v Hamptons Mist Mgt. Corp., 225 AD2d 595 [1996]). The only current obstacle to foreclosure is the defense, which Supreme Court ruled 207 and Janet Chang may raise, that 207's former attorney collaborated with Wilson and Ruby Chang in procuring unauthorized mortgages for supposedly "fraudulent purposes." As Supreme Court correctly ruled in its original summary judgment determination, this claim does not constitute a legal defense to foreclosure. It is the well-settled law of this state that "a mortgagor is bound by the terms of his contract as made and cannot be relieved from his default, if one exists, in the absence of waiver by the mortgagee, or estoppel, or bad faith, fraud, oppressive or unconscionable

conduct on the latter's part" (*Nassau Trust Co. v Montrose Concrete Prods. Corp.*, 56 NY2d 175, 183 [1982], quoting *Ferlazzo v Riley*, 278 NY 289, 292 [1938]). Here, there is no allegation of any such wrongdoing by the present mortgagee, plaintiff. While it is true that plaintiff stands in its assignor Eastbank's shoes (*see Panish v Rudolph*, 298 AD2d 237 [2002]; *Trans-Resources, Inc. v Nausch Hogan & Murray*, 298 AD2d 27, 30 [2002]), there is no allegation or showing of Eastbank's complicity in the wrongdoing of Wilson and Ruby Chang and the 207 attorney.

In light of this determination, we need not reach plaintiff's other arguments in support of an award of foreclosure. Concur— Buckley, P.J., Tom, Andrias, Friedman and Sullivan, JJ.