Order, Supreme Court, New York County (Marcy S. Friedman, J.), entered July 18, 2007, after a nonjury trial, dismissing the complaint, unanimously affirmed, with costs.
As plaintiffs failed to establish prima facie on their motion for summary judgment their entitlement to foreclose on the subject mortgage (see 40 AD3d 284 [2007]), so they failed to establish their prima facie case at trial. Those plaintiffs who testified had no personal knowledge of their investment in the subject mortgage on the property located at 133 West 136th Street in Manhattan. Neither they nor the attorney who handled all their mortgage investments ever received the subject mortgage documents, and none of the interest payments received on mortgages were identified with the subject mortgage. Indeed, the attorney testified that he was unaware of his clients’ interest in that mortgage until he investigated the cessation of payments on all the mortgages in which they had an interest and that his investigation showed that it was possible his clients had no interest at all in the subject mortgage. Plaintiffs failed to make a prima facie showing that the proceeds from the mortgage on two Brooklyn properties were used to purchase their interest in the subject mortgage.
Those plaintiffs who received their purported interest from Michael Kanoff, one of the original investors in the subject mortgage and one of the original plaintiffs in this action, are not entitled to foreclose because, crediting Kanoff s testimony, the court found that the signature on those assignments was forged and that therefore the assignments are unenforceable. However, in any event, as assignees, those plaintiffs stand in the assignor’s shoes and have only the rights the assignor had (see Citidress II v 207 Second Ave. Realty Corp., 21 AD3d 774, 777 [2005]). Concur—Tom, J.E, Andrias, Catterson and Acosta, JJ.