■ DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee for First Franklin Mortgage Loan Trust 2006-FF4, Mortgage Pass-Through Certificates, Series 2006-FF4, Appellant, v SONIA GORDON, Sued Herein as JOHN DOE, Respondent, et al., Defendants. [922 NYS2d 66]—

Order, Supreme Court, Bronx County (Lucy Billings, J.), entered on or about April 29, 2010, which denied plaintiff's motion for summary judgment dismissing defendant Gordon's defenses and counterclaim of fraud, unanimously reversed, on the law, without costs, and the motion granted.

By submitting proof of the existence of a mortgage and of default, plaintiff, as assignee of the lender, First Franklin Mortgage Loan Trust, established a prima facie case for foreclosure (*Bank Leumi Trust Co. of N.Y. v Lightning Park*, 215 AD2d 246 [1995]; *Chemical Bank v Broadway 55-56th St. Assoc.*, 220 AD2d 308 [1995]). In opposition, Gordon failed to raise a triable issue of fact as to plaintiff's knowledge of or involvement in fraud (*see Citidress II v 207 Second Ave. Realty Corp.*, 21 AD3d 774, 776-777 [2005]; *Sinardi v Rivera*, 261 AD2d 388 [1999]). Gordon does not allege that she had any contact with First Franklin, that First Franklin made any misrepresentation to her, or that she justifiably relied upon any misrepresentation by First Franklin (*see Lama Holding Co. v Smith Barney*, 88 NY2d

413, 421 [1996]; *Peach Parking Corp. v 346 W. 40th St., LLC*, 42 AD3d 82, 87 [2007]).

In addition, Gordon failed to establish any basis for a fact-finder to conclude that the brokers and mortgage company she alleges conspired against her were acting as First Franklin's agents in connection with the transaction. In any event, the brokers and mortgage company's commission of fraud could not be imputed to First Franklin because the alleged fraud required that the fact that Gordon was the true borrower be withheld from First Franklin (*see G.E. Capital Mtge. Servs. v Holbrooks*, 245 AD2d 170, 171 [1997]). Nor is there evidence to support a finding that First Franklin had constructive knowledge of any fraud or had a duty to make inquiry of the circumstances of the sale of the property and the issuance of the mortgage (*see e.g. Thomas v LaSalle Bank N.A.*, 79 AD3d 1015 [2010]). Concur— Saxe, J.P., Friedman, Freedman and Richter, JJ. **[Prior Case History: 29 Misc 3d 1229(A), 2010 NY Slip Op 52092(U).]**