Matter of Yehle v Rich (2020 NY Slip Op 06631)





Matter of Yehle v Rich


2020 NY Slip Op 06631


Decided on November 13, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CARNI, LINDLEY, CURRAN, AND BANNISTER, JJ.


831 CA 19-02290

[*1]IN THE MATTER OF JOHN L. YEHLE, PETITIONER-APPELLANT,
v
JON T. RICH, JR., RESPONDENT-RESPONDENT. 






SLYE LAW OFFICES, P.C., WATERTOWN (ROBERT J. SLYE OF COUNSEL), FOR PETITIONER-APPELLANT.
COSTELLO, COONEY & FEARON, PLLC, SYRACUSE (DANIEL R. ROSE OF COUNSEL), FOR RESPONDENT-RESPONDENT. 


 Appeal from an order of the Supreme Court, Jefferson County (James P. McClusky, J.), entered June 6, 2019 in a proceeding pursuant to Limited Liability Company Law § 702. The order, among other things, denied petitioner's cross motion to vacate a stipulated order. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Petitioner and respondent formed Wellesley Island Storage, LLC (WIS) to construct and operate rental storage units, and each held a 50% interest in WIS. After financial disputes arose between them, petitioner commenced this proceeding seeking judicial dissolution of WIS, the sale of its property, and an accounting. Respondent did not oppose dissolution and sought an order directing the sale of WIS's assets.
Following some amount of discovery, a stipulated order was entered pursuant to which the parties agreed, among other things, that WIS should be dissolved and all of its assets sold at auction. In the stipulated order, the parties agreed that "additional discovery relating to the accounting and distribution of assets [was] still outstanding" and that "further proceedings and claims remain[ed] to determine each member's contribution and membership interests."
Despite the provisions of the stipulated order, petitioner refused to execute the documents necessary to proceed with the sale of the assets at auction "until [respondent] produce[d] the financial" documents petitioner had requested. Respondent thereafter moved for the appointment of a receiver to proceed with the auction, and petitioner cross-moved for an order vacating the stipulated order. Supreme Court granted the motion in part by directing the sale of the assets at auction and denied the cross motion. Petitioner appeals.
We conclude that the court properly denied the cross motion. "As with a contract, courts should not disturb a valid stipulation absent a showing of good cause such as fraud, collusion, mistake or duress . . . ; or unless the agreement is unconscionable . . . or contrary to public policy . . . ; or unless it suggests an ambiguity indicating that the words did not fully and accurately represent the parties' agreement" (McCoy v Feinman, 99 NY2d 295, 302 [2002]; see Hallock v State of New York, 64 NY2d 224, 230 [1984]). The party seeking to vacate a stipulation bears the burden of proof, and "[u]nsubstantiated or conclusory allegations are insufficient" (Pieter v Polin, 148 AD3d 1191, 1192 [2d Dept 2017]; see Hallock, 64 NY2d at 230).
Here, petitioner contends that the stipulated order should be vacated on grounds of fraud, unilateral mistake and unconscionability. We disagree. Contrary to petitioner's contention, he failed to establish that any misrepresentation was made that would support claims of fraud or unilateral mistake (see Lama Holding Co. v Smith Barney, 88 NY2d 413, 421 [1996]; Mooney v [*2]Manhattan Occupational, Physical & Speech Therapies, PLLC, 166 AD3d 957, 960 [2d Dept 2018]). Rather, he alleged that respondent's claims related to the amount respondent purportedly contributed to WIS could not be verified. Petitioner also failed to establish any justifiable reliance on respondent's claims inasmuch as the stipulated order specifically provides that further discovery and proceedings were required to determine the parties' contribution amounts (see Cervera v Bressler, 126 AD3d 924, 926 [2d Dept 2015]).
We reject petitioner's further contention that it would be unjust or inequitable to enforce the stipulated order, i.e., that the order is unconscionable, inasmuch as petitioner "failed to establish that the terms of the [stipulated order] were so unfair or one-sided as to 'shock the conscience and confound the judgment of any person of common sense' " (Amerally v Liberty King Produce, Inc., 170 AD3d 637, 638 [2d Dept 2019]; see Chang v Chang, 237 AD2d 235, 235 [1st Dept 1997]).
Having failed to show the existence of any ground sufficient to invalidate a contract, petitioner is not entitled to vacatur of the stipulated order (see Hallock, 64 NY2d at 230).
Entered: November 13, 2020
Mark W. Bennett
Clerk of the Court