## Fiondella v 345 W. 70th Tenants Corp.

2024 NY Slip Op 33609(U)

October 10, 2024

Supreme Court, New York County

Docket Number: Index No. 152957/2021

Judge: David B. Cohen

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. DAVID B. COHEN**

*Justice*

PART **58**

-------------------------------------------------------------------------------X

PAUL FIONDELLA

Plaintiff,

- v -

345 WEST 70TH TENANTS CORP.,

Defendant.

-------------------------------------------------------------------------------X

INDEX NO. 152957/2021

MOTION DATE 02/16/2024

MOTION SEQ. NO. 004 005

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 004) 163, 164, 165, 166, 167, 168, 169, 170, 171, 172, 173, 174, 175, 176, 177, 178, 179, 187, 190

were read on this motion to/for                    DISMISS DEFENSE                    .

The following e-filed documents, listed by NYSCEF document number (Motion 005) 180, 181, 182, 183, 184, 185, 186, 188, 189, 191, 192, 193, 194, 195

were read on this motion to/for                    MISCELLANEOUS                    .

In this declaratory judgment action, plaintiff moves pursuant to CPLR 3211(a) for an order dismissing defendant's counterclaim and its first, third, fourth, fifth, part of the sixth, and the seventh through 13th affirmative defenses (seq. 004). Defendant opposes.

By notice of motion, plaintiff also moves to strike portions of defense counsel's December 2023 and April 2021 affirmations and to consolidate the motion with plaintiff's pending motion to dismiss (seq. 005). Defendant opposes.

## I.    PERTINENT BACKGROUND

### A.    Complaint (NYSCEF 2)

Plaintiff commenced this action as the proprietary lessee and sole owner of shares of stock in apartment 3A in the building located at 345 West 70th Street in Manhattan. Defendant is a cooperative housing corporation which owns the building. One of the board members, Mark O'Toole, owns the apartment below plaintiff's apartment.

[* 1]

Plaintiff and his family have lived in the building for almost 40 years, and the apartment's shares were transferred to him in 2001. Until December 2015, a tenant lived in the apartment; plaintiff took possession of it in January 2017.

In March 2017, plaintiff cleared out the apartment, thereby exposing the original wood floors, and observed a downward slope of approximately three or more inches in several of the floors.

In August 2017, plaintiff notified defendant about the slope. In March 2018 and April 2019, the New York City Housing and Preservation Department (HPD) issued violations regarding the slope. In March 2019, plaintiff requested that defendant repair the floors, but defendant refused to do so.

In April 2019, plaintiff commenced a proceeding in New York City Housing Court, seeking an order directing defendant to fix the floors and cure the HPD and any other existing violations.

In November 2019, plaintiff commenced an action in this court against defendant based on many of the same facts alleged herein, under index number 656665/19 (prior action), but with alternative theories of recovery, namely, (1) declaratory and injunctive relief to stop the termination of his proprietary lease; (2) breach of the warranty of habitability; (3) breach of the proprietary lease; (4) negligence; (5) breach of fiduciary duty; and (6) harassment and retaliation (NYSCEF 2).

In January 2020, the Department of Buildings (DOB) inspected plaintiff's and O'Toole's apartments, and discovered that O'Toole had removed two walls in his apartment during a 2014-2015 renovation. DOB issued two violations, one directing defendant to file plans with the DOB, identify what structural alterations O'Toole made to his apartment, and obtain DOB

permits for the alterations; and another directing defendant to file plans and repair the vertical supports for certain rooms in plaintiff's apartment.

Shortly thereafter, the parties entered into a stipulation whereby defendant agreed to level the floors and repair the damage in plaintiff's apartment at defendant's expense, following plans developed by both parties' certified structural engineers. It was agreed that the engineers would meet and jointly inspect the two apartments, would each provide a report, and would arrive at a mutually acceptable plan to fix the violations in plaintiff's apartment.

On February 2, 2021, defendant's engineer submitted a letter and plans to DOB; the plans were acceptable to plaintiff's engineer. On February 23, 2021, plaintiff provided access to his apartment to defendant's engineer and contractors to obtain bids for the structural repairs outlined in the plans. Nevertheless, and in violation of the parties' stipulation, defendant failed to file the plans with the DOB, cure the violations, or repair the floors in plaintiff's apartment.

One of the consequences of defendant's failure to fix the floors is that one of the unsupported walls in plaintiff's apartment contains the electrical service riser and fuse box, which may cause a fire if the wall collapses. Plaintiff is responsible for the fuse box, while defendant is responsible for the riser. Plaintiff had HPD and DOB inspect the fuse box for this issue and both agencies advised that the fuse box was safe, but that it could not be replaced without also replacing the riser.

In March 2021, defendant served plaintiff with a 30-day Notice to Cure, which provides that there is a hazardous electrical condition in plaintiff's apartment, namely, the location of the fuse box in an unsupported wall. The location of the fuse box has been unchanged since 1982.

Plaintiff thus asserts the following claims against defendant:

(1)     a judgment declaring that defendant's Notice to Cure is a nullity and/or that the

issue raised therein is defendant's responsibility to cure;

(2)     a permanent injunction preventing defendant from terminating or attempting to

terminate plaintiff's proprietary lease or otherwise interfering with plaintiff's tenancy and

ownership of shares in the apartment;

(3)     a permanent injunction directing defendant to submit the plans to DOB and to

perform the agreed-upon repair work upon DOB's approval of the plans;

(4)     retaliatory eviction;

(5)     breach of the warranty of habitability; and

(6)     attorneys' fees, costs, and disbursements.

### B.     Defendant's answer (NYSCEF 162)

On August 31, 2023, defendant served its answer, in which it asserted the following

affirmative defenses:

(1)     plaintiff breached the parties' stipulation of settlement;
(2)     plaintiff did not reside in the premises between January 2020 and April 2022;
(3)     plaintiff sold the premises in April 2022;
(4)     unclean hands;
(5)     equitable estoppel;
(6)     that any claim for breach of the warranty of habitability is subject to the stipulation of settlement and reduced by the COVID-19 pandemic, which rendered defendant's performance impossible during the pandemic; and also further reduced due to delays caused by plaintiff's engineer in approving the plans and plaintiff's refusal to provide access;
(7)     release;
(8)     release pursuant to the stipulation and defendant's full performance thereunder;
(9)     defendant's full performance of the stipulation;
(10)    waiver;
(11)    ratification;
(12)    plaintiff has no damages; and
(13)    the scope of the stipulation was intended to encompass plaintiff's remaining claims.

Defendant also asserted a counterclaim against plaintiff, alleging that defendant filed the

[* 4]

plans, performed the required work, and cured the violations, and plaintiff then sold the

apartment in April 2022, thereby partially performing under the stipulation of settlement. To

fully perform, plaintiff was required to provide general releases to defendant, but has failed to do

so, and has thus breached the stipulation, entitling defendant to resulting damages.

### C.      Stipulation of settlement (NYSCEF 19)

On January 21, 2020, the parties settled the prior action, as follows:

1.      The parties hereto agree to cooperate, based on the joint recommendations of their respective experts, to cure those certain violations March 5, 2018, April 25, 2019, and August 13, 2019 issued by New York City Housing and Preservation Development and/or New York City Department of Buildings regarding the sloping floors in Apartment 3A. in the "first room from the north," "second room from north," the "third room from the north," and "fifth room from. the north" ("the Violations"). The parties further agree to inspect certain walls in Apartment 3A, specifically the north wall of living room/dining room, hallway and the south maid's room wall as to whether they are sufficiently supported.

2.      The Coop agrees to cure all open violations at its expense. To effectuate said cooperation, each party shall retain, at their own expense, their own structural engineer. Plaintiff has retained KAA Structural Engineering Services ("KAA") and Defendants have retained Howard Zimmerman Architects PC. ("HLZA") (collectively the "Engineers ). The Engineers shall work together to jointly inspect Apartment 3A and Apartment 2A, and such other areas in the Building as they shall require, shall perform structural analysis of the floors and the aforementioned walls, and shall each provide a reasoned opinion. in a written report as to the conclusions and recommendations for curing the Violations, and any underlying structural condition. Said work shall commence immediately upon execution of this Stipulation.

3.      Plaintiff shall provide access to Apartment 3A to the Engineers for inspection upon reasonable notice. Such inspection may include probes if jointly requested by the Engineers to examine hidden conditions The cost of the probes, if any, and subsequent repair of any damage caused by the probes, excluding the replacement of flooring or wall surface, will be borne equally by the Coop and Plaintiff. Plaintiff shall be solely responsible for the cost of replacing any flooring or wall surface damaged by the probes.

4.      Defendant Coop shall provide access to Apartment 2A, if requested by Plaintiff's engineer, after the Engineers have met, discussed, and inspected Apartment 3A to their satisfaction. Such access to Apartment 2A will be provided on the same day as the inspection of Apartment 3A if requested by Plaintiff's engineer.

5.      Defendant Coop shall make best efforts to arrange access to any other apartment or portion of the building in the event the Engineers jointly request such access for the purposes of inspection. Such inspection may include probes if requested by the Engineers to examine

[* 5]

hidden conditions, The cost of the probes, if any, in Apartment 2A or any other apartment or area in the Building and subsequent repair of any damage caused by the probes, will be borne by the Coop.

6.      The parties agree that the Engineers shall jointly determine the scope of inspections necessary and both parties shall cooperate to permit said inspections. In the event any portion of the floor of Apartment 3A shall need to be removed, or any other work in any other part of the building performed to facilitate the inspections, the Coop shall have that work performed by a contractor of its choice on a date to be determined, jointly, by the Engineers, the Coop and the contractors, The parties shall not direct or interfere with the inspections conducted by the Engineers. Plaintiff shall provide access to Apartment 3A to the Engineers for inspections and such other work as may be necessary upon reasonable notice.

a.      After completion of such inspections, the Engineers shall jointly recommend a scope of work to remediate the Violations, including any underlying structural conditions.

b.      In the event the Engineers cannot agree on the scope of remedial work necessary to correct the Violations, including any underlying structural conditions, then the Engineers, without input from the parties or their counsel, shall mutually agree upon a third engineer, to be equally paid for by the parties, to provide an independent proposal as to the scope of work needed to correct the Violations, including any underlying structural conditions. Said independent proposal shall be conclusive and binding upon the parties as to the scope of the suggested remedial work. Said third engineer shall not qualify if said engineer has any relationship with the parties or past experience with the Building. If the Engineers are unable to agree on a third engineer, the parties shall ask Judge Stoller of the New York City Civil Courts County of New York to select a third engineer.

7.      Defendant Coop agrees to retain a licensed contractor to perform and to pay for any structural work, at its sole expense, required to cure the Violations, including any underlying structural condition, and to remove the Violations of record Structural work is defined as any work which would be the responsibility of the Coop under the Proprietary Leases including, without limitation, the repair or replacement of floor joists and subfloor and structural support of load bearing. walls, if required. Upon completion of all structural work by the Coop to provide a level surface, Plaintiff may install his own flooring material at his own expense and shall comply with any House Rule relating to carpeting.

8.      Coop agrees to file for and to obtain any and all permits necessary to perform the work it has agreed to perform under this Stipulation. The necessity for permits shall be as directed by the Engineers.

9.      The parties agree that they shall not directly or indirectly interfere with the professional judgment of their respective Engineers. All communications with respect to Apartment 3A between the parties and their Engineers shall be handled by the parties' respective counsels.

**152957/2021   FIONDELLA, PAUL vs. 345 WEST 70TH TENANTS CORP.**                    **Page 6 of 14**
  **Motion No.  004 005**

10.     Plaintiff hereby agrees to list Apartment 3A for sale through a real estate broker of his choice and shall sell Apartment 3A within eighteen months of curing the Violations. Coop agrees to expedite any Board review of any prospective purchaser. Plaintiff shall pay to the Coop all sums agreed to be due and owing at the Closing of the sale of Apartment 3A, which amount currently is no more than $1,700.00, together with the usual and customary transfer fees as charged with regard to any sale in the Building. To the extent there is any dispute as to sums that may be due and owing to the Coop at the time of the sale, and if the dispute cannot be resolved without court action, the prevailing party in any such court action shall be entitled to recovery of all costs and expenses, including reasonable attorneys' fees. Coop shall not assess any legal fees, ECB or DOB fines, or penalties against Plaintiff, with respect to the Violations, provided this Stipulation is complied with. The Coop's obligation to repair will survive the sale of Apartment 3A and inure to the benefit of the purchaser. The Coop agrees to indemnify Plaintiff, including reasonable legal fees, and hold him harmless, against any purchaser claims that may arise with respect to the structural conditions or defects in the supporting structure of Apartment 3A or any repairs the Coop may undertake to correct them.

11.     While Apartment 3A is listed for sale, Plaintiff and his wife may reside therein, but in no event for more than one year from the curing of the Violations.

12.     All obligations of the Parties under the Proprietary Lease, By-Laws and House Rules shall continue to apply.

13.     This Court shall retain continuing jurisdiction over this action to resolve claims and disputes arising from this Stipulation, except as set forth herein.

14.     During the pendency of this Stipulation, the parties agree to mark off the trial presently scheduled in Fiondella v. 345 West 70th Tenants Corp., et al, bearing Index No.: 6092/2019 ("HP Action") in the New York City Civil Court, Housing Part on February 3, 2020, February 5, 2020, and February 11, 2020, and advise the Court in the HP Action that said action is settled on the terms set forth in this Stipulation. The Court in the HP Action will retain jurisdiction to effectuate the terms contained in paragraph 6(b) herein and the removal of Violations, if required.

15.     Upon removal of the Violations, the parties shall execute a Stipulation of Discontinuance of the HP Action in the form annexed hereto as Exhibit "A". The Parties agree to cooperate to sign such documents as may be necessary to effect same.

16.     The parties agree that there is no prevailing party in the HP Action and that no party shall be entitled to legal fees arising therefrom.

17. Plaintiff hereby agrees to discontinue this action with prejudice against all parties and that no party shall be entitled to legal fees arising therefrom.

18.     Upon the removal of the Violations Plaintiff shall provide a General Release in the form annexed hereto as Exhibit AB" to the individual defendants, a General Release in the

[* 7]

form annexed hereto as Exhibit "C" to the non-party shareholders and a General Release in the form annexed hereto as Exhibit "D" to the Defendant Coop.

19.     This stipulation resolves any claim of objectionable conduct against Plaintiff as of January 7, 2020, including without limitation the allegations contained in the October 4, 2019 letter. The Notice of Shareholders' Meeting dated October 2, 2019, and as adjourned, is hereby rescinded and a nullity without any further force or effect and the vote of the shareholders on January 6, 2020 at the special shareholders' meeting is hereby rescinded with prejudice, is null and void, and without any further force or effect. The Coop releases Plaintiff from any and all acts, actions, proceeding, claims and/or causes of action that arise or may arise out of the October 4, 2019 letter to Plaintiff.

20.     Facsimile or electronic signatures shall be treated as if they are originals. This Stipulation may be electronically filed and submitted to the Court without further notice.

21.     In the event a party breaches any of its, his, or their obligations under this Stipulation, and after prior written demand to cure, the breaching party shall indemnify and/or reimburse the other party for all reasonable legal fees, costs, and disbursements incurred by the other party to enforce the terms of this Stipulation.

### D.     Pertinent procedural history

In March 2021, plaintiff commenced this action by filing a summons and complaint, along with an order to show cause, seeking a temporary restraining order (TRO) and *Yellowstone* injunction to stay and prevent defendant from terminating plaintiff's tenancy or evicting him.

On April 19, 2021, defendant moved, by notice of motion, for an order dismissing the complaint for failure to state a cause of action (NYSCEF 23).

On August 2, 2021, both motions were decided by this court.  Defendant's motion to dismiss was granted and the first and third causes of action were deemed moot by the fact that defendant had agreed to withdraw the Notice to Cure and as the plans had been approved by the DOB and defendant was going to commence the repair work.  The second and fourth causes of action were found to be without merit based on the stipulation of settlement, and plaintiff did not state a claim for breach of a warranty of habitability as he did not plead how the violations were

a threat to his health or safety. In light of the dismissal of the action, plaintiff's motion for a TRO and *Yellowstone* injunction was denied (NYSCEF 85).

Plaintiff then filed a motion for leave to renew and/or reargue the dismissal of his complaint, which was denied, and also appealed the dismissal to the Appellate Division, First Department. While those motions were pending, defense counsel advised the court, by letter dated April 25, 2022, that plaintiff had completed the sale of his apartment to a third-party purchaser (NYSCEF 154).

In March 2023, the Appellate Division, First Department, granted plaintiff's motion to strike certain portions of defendant's brief as irrelevant and/or prejudicial to the extent of striking a number of statements in the brief, mainly related to plaintiff's counsel (NYSCEF 183).

By decision dated June 13, 2023, the Appellate Division modified the dismissal of the action to the extent of reinstating the claim for breach of the warranty of habitability for the period that plaintiff occupied the apartment after the parties executed the stipulation of settlement, along with his claim for attorney fees, and otherwise affirmed the dismissal of the other claims. The Court held that:

> The class B violation issued by the New York City Department of Housing Preservation and Development is prima facie evidence that the conditions set forth in the violation constitute a hazard to life, health, or safety (*see e.g. Park W. Mgt. Corp. v Mitchell*, 47 NY2d 316, 237 [1979], *cert denied* 444 US 992 [1979]). Although defendant maintains that parties may settle claims for breach of the warranty of habitability prospectively, the January 2020 settlement stipulation does not conclusively show that the parties prospectively settled that claim (*cf. Leventritt v 520 E. 86th St*, 266 AD2d 45 [1st Dept 1000], *lv denied* 94 NY2d 760 [2000]). Because plaintiff's claim for attorneys' fees under the proprietary lease, as applied reciprocally under Real Property Law 234, was dismissed based on the lack of a predicate cause of action after the dismissal of plaintiffs substantive claims, we also find that plaintiffs request for attorneys' fees should be reinstated.

(217 AD3d 495 [1st Dept 2023]).

After remittitur to this court, defendant filed its answer.

In the prior action, on August 22, 2024, the presiding judge denied plaintiff's motion to set aside the stipulation of settlement and restore the action to active status (NYSCEF 236, under index number 655664/19).

## II.     PLAINTIFF'S MOTION TO DISMISS

To dismiss a defense or counterclaim pursuant to CPLR 3211(b), the movant bears the burden of demonstrating that the defense or counterclaim is not stated or is without merit as a matter of law (*S. Point, Inc. v Redman*, 94 AD3d 1086, 1087 [2d Dept 2012]; *Deutsche Bank Natl. Trust Co. v Gordon*, 84 AD3d 443, 443-444 [1st Dept 2011]).  In deciding the motion, the court must give the defendant the benefit of every reasonable intendment of the pleading, which is to be liberally construed. (*Id.*; *Warwick v Cruz*, 270 AD2d 255, 255 [2d Dept 2000]).  Dismissal is warranted where the affirmative defenses only plead conclusions of law without any supporting facts (*Robbins v Growney*, 229 AD2d 356, 358 [1st Dept 1996]; *Bank of Am., NA v 414 Midland Av. Assoc., LLC*, 78 AD3d 746, 750 [2d Dept 2010]; *Firemans' Fund Ins. Co. v Farrell*, 57 AD3d 721, 723 [2d Dept 2008]).

### A.     Counterclaim

Plaintiff contends that defendant's counterclaim should have been brought in the prior action, observing that the parties' stipulation resolving that action provided that the prior court retained continuing jurisdiction to resolve claims and disputes related to the stipulation.  Plaintiff also argues that in the prior action, defendant moved in 2022 for an order compelling him to sign a general release, and the presiding judge denied the motion.  Plaintiff further asserts that defendant cannot establish all of the elements of its breach of contract counterclaim as it did not perform all of its obligations under the lease as more violations were issued in 2021, nor does it have a claim for damages (NYSCEF 164).

Defendant maintains that its counterclaim should not be dismissed as plaintiff has submitted no documentary evidence that utterly refutes its allegations or provides a defense to the counterclaim. It observes that the stipulation provides the prior judge with continuing jurisdiction, not exclusive jurisdiction, and that the decision denying defendant a general release from plaintiff was based on the absence of submitted evidence and not on the law, i.e., there has been no finding that defendant is not entitled to a general release from plaintiff. Finally, defendant contends that it cured all the violations at issue in the stipulation, and that any new violations are unrelated to the stipulation and, in any event, plaintiff no longer has an interest in the apartment and thus cannot state a claim related to new violations (NYSCEF 172).

There is no merit to plaintiff's argument that defendant was precluded from advancing the counterclaim in any forum other than the prior action, as the prior court retained continuing, and not exclusive, jurisdiction.

Moreover, the prior judge's order regarding the general release was based on the evidence submitted on the motion, and she did not, as plaintiff argued, render a decision on the merits and/or decide that plaintiff was not required to provide a general release. Indeed, the stipulation states, in paragraph 18, that "[u]pon the removal of the Violations Plaintiff shall provide a General Release in the form annexed hereto as Exhibit AB" to the individual defendants, a General Release in the form annexed hereto as Exhibit "C" to the non-party shareholders and a General Release in the form annexed hereto as Exhibit "D" to the Defendant Coop."

Finally, whether or not plaintiff or defendant breached the agreement may not be resolved on this motion, and thus plaintiff does not demonstrate that the counterclaim has no merit.

Similarly, defendant may be entitled to attorney fees pursuant to the stipulation, which permits an award of fees to a party who incurs them while enforcing the stipulation.

Plaintiff thus fails to establish a basis for dismissing defendant's counterclaim.

### B. Affirmative defenses

The first affirmative defense, that plaintiff breached the stipulation, is not dismissed for the reasons stated above.

The third affirmative defense, that plaintiff sold the apartment in April 2022, is not dismissed as it is an undisputed fact and constitutes a basis for precluding plaintiff from seeking damages related to his tenancy/ownership after April 2022.

The fourth, fifth, seventh, eighth, ninth, 10th, 11th, and 12th affirmative defenses are dismissed as they plead conclusions of law without any supporting facts (*Chelsea 8th Ave. LLC v Chelseamilk LLC*, 220 AD3d 565 [1st Dept 2023] [affirmative defense should have been dismissed as bare legal conclusions insufficient to raise affirmative defense]; *Chrysler E. Building, LLC v Keenwawa, Inc*, 217 AD3d 494 [1st Dept 2023] [same]).

The portion of the sixth affirmative defense related to the impossibility of defendant's performance during the Pandemic is conclusory and unsupported by any facts, but the remainder of it is sufficiently pleaded.

Finally, the 13th affirmative defense, that the scope of the stipulation was intended to encompass plaintiff's remaining claims, although rejected by the Appellate Division as a ground for dismissing the action on defendant's pre-answer motion to dismiss, is not dismissed as the Court's decision does not constitute the law of the case, and thus defendant can still attempt to prove the defense in this litigation (*see Rosen v Mosby*, 148 AD3d 1228, 1233 [3d Dept 2017], *lv dismissed* 30 NY3d 1037 [2017] [order on defendant's motion to dismiss not law of case as court

[* 12]

did not directly rule on question of law that was essential to determination of issue; "Supreme Court was not required to give preclusive effect to the court's initial denial of defendant's motion to dismiss"]; *M. Dietrich, Inc. v Bentwood Television Corp.*, 56 AD2d 753 [1st Dept 1977] [denial of motion to dismiss only established legal sufficiency of pleadings and was not law of case]).

### III. PLAINTIFF'S MOTION TO STRIKE

Plaintiff seeks to strike portions of the affirmations of defense counsel, dated December 5, 2023 and April 19, 2021, which he claims are irrelevant and prejudicial to his claims against defendant, and observes that the Appellate Division, First Department, already ruled previously that certain irrelevant material must be stricken.

While defense counsel objects to the motion, he does not address the Appellate Division's prior decision in his opposition, other than to claim that it is not binding on this motion.

To the extent that defendant failed to comply with the Appellate Division's 2023 order by striking certain portions of his 2021 brief and including them again in his new brief, he must comply now and strike them. The decision is law of the case in this action.

### IV. CONCLUSION

Accordingly, it is hereby

ORDERED, that plaintiff's motion to dismiss (seq. 004) is granted solely to the extent of dismissing defendant's fourth, fifth, seventh, eighth, ninth, 10th, 11th, and 12th affirmative defenses and the portion of the sixth affirmative defense related to impossibility of performance, and is otherwise denied; it is further

ORDERED, that plaintiff's motion to strike (seq. 005) is granted to the extent of directing defendant to comply with the Appellate Division, First Department's order dated March 9, 2023 within 20 days of the date of this order as to his 2021 and 2023 briefs; and it is further

ORDERED, that the parties appear for a preliminary conference on October 22, 2024 at 9:30 a.m.

| 10/10/2024 | |
| --- | --- |
| **DATE** | **DAVID B. COHEN, J.S.C.** |

| CHECK ONE: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | GRANTED | | DENIED | X | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | REFERENCE |